**CHAMBERS et al. v. CAMERON**
**(JACOBSON, Intervener).**

No. 169.

District Court, N. D. Illinois, E. D.

Oct. 3, 1939.

Frank J. Jacobson and Mayer, Altheimer & Kabaker, all of Chicago, Ill., for intervenor.

William S. Bedal, of St. Louis, Mo., and Gordon, Pierce, Edmonds & Martin, of Chicago, Ill., for plaintiff.

Yowell & Langdon, of Chicago, Ill., for defendant Malleable Iron Co.

WOODWARD, District Judge.

The pleadings, although confusing because of improper designation, in substance follow the order required by the new "Rules of Civil Procedure." So far as here pertinent plaintiffs are trustees under a trust agreement and declaration of trust executed by James H. Jacobson, defendant, and his wife, to secure an indebtedness by one of defendant's companies, since paid, and a $30,000 loan from Southern Malleable Iron Company evidenced by one promissory installment note. To secure payment, defendant transferred to plaintiffs as trustees certain real and personal property including, by bill of sale, nine show horses on defendant's farm at Lake Geneva, Wisconsin. The bill of sale, trust agreement and promissory note are dated April 12, 1938. Plaintiffs, alleging a default in the payment of the first installment due October 12, 1938, filed their affidavit and complaint in replevin demanding that a writ of replevin issue and that plaintiffs, under the terms of the trust agreement, be adjudged entitled to the possession of the show horses which Jacobson had delivered for sale to Adolph Cameron. James H. Jacobson was granted leave to intervene and file his answer and counterclaim. The counterclaim charges that plaintiffs as individuals and as officers of the Southern Malleable Iron Company and the company as an entity, among other things, were guilty of a conspiracy the object of which was to irreparably damage defendant forcing him to default in the payment of the note, whereupon under the terms of the trust agreement they could acquire the property of the defendant therein conveyed. The original complainants, as trustees, and the Southern Malleable Iron Company have answered and moved to strike the counterclaim of Jacobson. The Court has examined the pleadings and considered the briefs and is of the opinion the motions must be allowed for several reasons:

(1) The counterclaim of Jacobson is in gross and flagrant violation of Rule

8(a), 28 U.S.C.A. following section 723c, which requires that a claim for relief, whether an original claim or counterclaim "shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief." The counterclaim, omitting the exhibits thereto, contains thirty-one pages of typewritten matter and, with the exhibits, forty-five pages. It contains forty-four numbered paragraphs. The pleading is, in many respects, argumentative, is verbose, prolix and contains much evidentiary matter and otherwise is highly objectionable under the new rules.

(2) The counterclaim of Jacobson is also in violation of Rule 12(f) in that it contains redundant, immaterial and impertinent matter.

(3) The averments of fraud contained in several paragraphs do not meet the requirements of Rule 9(b).

(4) It is an admixture of answer and counterclaim. Paragraphs 18 to 31, inclusive, are attempted statements of fact in defense of the replevin action and have no place in a counterclaim.

(5) Wholly aside from technical objections above adverted to, the counterclaim is fatally defective. The inherent weakness is that it seeks relief against persons not parties to the controversy. Rule 13(a) and (b) govern counterclaims and under such rule defendants must be "an opposing party." In the instant case they are the trustees acting as such under the trust agreement and the Court is unable to find that any charge of damage has been made against them as such. Opposing parties must be identified with the trust agreement and may not, under the present rules, by virtue of any counterclaim that Jacobson might file, be joined as defendants in their individual capacity, as officers, or with the Southern Malleable Iron Company in an action to recover unliquidated damages arising out of the alleged fraud and conspiracy.

The several motions to dismiss the counterclaim will be sustained and an order may be entered dismissing the counterclaim of intervenor Jacobson.

The case, therefore, will go to trial and hearing on the following pleadings:

(1) The affidavit and complaint in replevin;

(2) The answer of James H. Jacobson, intervenor, thereto;

(3) The answer of the defendant, Adolph Cameron, thereto;

(4) The counterclaim of plaintiffs (filed December 16, 1938) against intervenor, James H. Jacobson;

(5) The answer of intervenor, James H. Jacobson (filed January 20, 1939) to the counterclaim of complainants;

(6) Counterclaim of Southern Malleable Iron Company (filed December 20, 1938) against intervenor, James H. Jacobson;

(7) Answer of intervenor, James H. Jacobson (filed January 24, 1939) to the counterclaim of Southern Malleable Iron Company; and

(8) The motion of Southern Malleable Iron Company for judgment on the pleadings, upon which the court will hear oral arguments.