**DURHAM v. BUNN.**

**Civ. A. No. 8840.**

United States District Court E. D. Pennsylvania.

Aug. 2, 1949.

Richardson Dilworth (of Paxson, Kalish, Dilworth & Green), Philadelphia, Pa., for plaintiff.

Frank F. Truscott, City Solicitor, Abraham Wernick, Assistant City Solicitor, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff has instituted this action for damages against William W. Bunn individually.[1] He alleges that the suit arises under the Civil Rights Act, 8 U.S.C.A. § 43. Briefly, the basis of the suit is that the defendant "under color of the authority vested in him" as Deputy Receiver of Taxes of the City of Philadelphia, "maliciously, wilfully, negligently and without proper or reasonable cause swore out and on or about May 22, 1948, caused to be filed against plaintiff an affidavit to hold to bail," and pursuant thereto "maliciously, wilfully, negligently and without proper or reasonable cause did on or about June 7, 1948, cause to be issued against plaintiff a capias ad respondendum.," by reason of which plaintiff was arrested and jailed. It is alleged that there were no taxes due and that the arrest and detention were unlawful. Defendant filed his answer and a counterclaim "in his capacity of Deputy Receiver of Taxes, on behalf of the City of Philadelphia," claiming to recover from the plaintiff the taxes in dispute, alleging they were unpaid. Plaintiff moves to dismiss the counterclaim.

The inherent difficulty of the precise fact situations in an action for damages against an official personally, based on the commission of what is commonly referred to as "a common law tort,"[2] where such official seeks to screen himself behind the sovereign, has received considerable discussion[3] but we are not here concerned with the merits. Suffice it that the action is solely against the defendant personally. The counterclaim is by the defendant in his representative capacity on behalf of the City of Philadelphia, which is the real party in interest[4] in such counterclaim.

Assuming for present purposes that the Deputy Receiver has authority to sue, in his name, on behalf of the City of Philadelphia, the taxes, nevertheless, are owing to the City of Philadelphia and it is the sole and real party in interest. If he ceased to be Deputy Receiver, some other official would necessarily be substituted.[5] The action against defendant, however, is personal[6] and would remain so. The counterclaim is not in any sense that of the defendant. He is asserting the claim of the City of Philadelphia, which is not a party to the action. While defendant is sued personally, he is not personally seeking relief in the counterclaim but solely on behalf of another, not a party to the suit. Moreover, the City of Philadelphia not being a party—the counterclaim being solely that of the City of Philadelphia—it and the plaintiff are not opposing parties. Therefore, it is not a permissible counterclaim under Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A.[7]

The counterclaim, under the circumstances, is improper and plaintiff's motion is granted.

---

[1] For the purpose of jurisdiction, he alleges:

"Defendant, William W. Bunn, is a citizen and resident of the Commonwealth of Pennsylvania. Defendant is not a citizen or resident of the State of New Jersey."

[2] In this instance it appears to be predicated upon an alleged violation of the Civil Rights Act.

[3] E. g. see Larson v. Domestic & Foreign Commerce Corporation, 337 U.S. 682, 93 L.Ed. ——, 69 S.Ct. 1457.

[4] The briefs devoted considerable discussion to the question of whether a suit for the collection of taxes could be instituted by defendant in his representative capacity or whether such a suit must be brought directly in the name of the City of Philadelphia. We do not, however, reach this problem.

[5] State of Louisiana v. Texas Co., D.C. E.D.La., 38 F.Supp. 860, Paragraphs 3 and 4.

[6] Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240.

[7] Cf. Chambers v. Cameron, D.C.N.D. Ill., 29 F.Supp. 742.