**HIGGINS v. SHENANGO POTTERY CO. et al.**

Civ. A. No. 8432.

United States District Court
W. D. Pennsylvania.

Aug. 28, 1951.

Harold R. Schmidt, Rose, Eichenauer & Rose, Pittsburgh, Pa., for plaintiff.

Lynne A. Warren, New York City, for Shenango Pottery Co. and others.

Joseph R. Doherty, Pittsburgh, Pa., for Daniel H. Treloar, Jr., and others.

STEWART, District Judge.

Alice S. Higgins, a stockholder in the Shenango Pottery Company, brought this action for and on behalf of herself and other stockholders similarly situated, to require an accounting of profits allegedly diverted from the Shenango Pottery Company to the Castle Engineering Company. The named defendants are various participants in this alleged diversion of profits. After filing a motion to dismiss the complaint which was denied by this Court, the defendants filed answers to the complaint asserting a counterclaim therein against Alice S. Higgins, individually. Each of two groups of defendants has filed an answer. Since these answers are substantially similar, they will be treated together. To these answers, the plaintiff has filed motions to dismiss the counterclaims under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C. and motions to strike certain of the defenses under Rule 12(f).

One of the plaintiff's contentions in support of the motion to dismiss the counterclaim is that it is not directed against an "opposing party" as required by Rule 13 which provides, in part:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, * * *.

"(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party * * *."

Under this rule, it has been held that a counterclaim by a defendant in his representative capacity is not permissible in a suit against the defendant in his individual capacity. Durham v. Bunn, D.C. E.D.Pa.1949, 85 F.Supp. 530. A counterclaim against a trustee in his individual capacity has been dismissed where the trustee had sued in his fiduciary capacity. Chambers v. Cameron, D.C.N.D.Ill.1939, 29 F.Supp. 742.

These cases indicate that the "opposing party" requirement of Rule 13 is a recognition of the general rule existing in many state courts that a counterclaim must be filed against an opposing party in the same capacity in which he sues. The nature of a stockholder's derivative action has been summarized by Mr. Justice Jackson in Koster v. Lumbermens Mutual Casualty Co., 1947, 330 U.S. 518, at page 522, 67 S.Ct. 828, at page 831, 91 L.Ed. 1067, as follows: "The cause of action which such a plaintiff brings before the court is not his own but the corporation's. It is the real party in interest and he is allowed to act in protection of its interest somewhat as a 'next friend' might do for an individual, because it is disabled from protecting itself.". It is evident, therefore, that a stockholder bringing a derivative suit is acting in a representative capacity and not in an individual capacity.

Although this would be sufficient reason to dismiss the counterclaim, it may be noted that practical considerations support the same result. Although the counterclaim is somewhat vague and ambiguous, it appears that the defendants intended to state a cause of action for libel or malicious prosecution. Certainly a trial of these issues along with the issue raised in the complaint, namely the alleged diversion of profits, would confuse the jury. In dismissing a counterclaim predicated on malicious prosecution of the action in which the counterclaim was filed, the District Court for the Southern District of New York in Park Bridge Corporation v. Elias, D.C.S.D.N.Y.1943, 3 F.R.D. 94, at page 95, stated:

"It would be anomalous if, upon the trial of this action, the jury were also called upon to determine the issues raised by plaintiff's answer to the counterclaim, and it would certainly be confusing and, perhaps, confounding to the jury.

"Such a precedent would invite a practice hitherto unknown, so far as this court is

aware, that would be burdensome and, it is felt, impracticable and improper."

Therefore, the plaintiff's motion to dismiss the defendants' counterclaims will be granted.

■ The plaintiff's motion to strike certain defenses remains for disposition. Rule 12(f) provides, in part: "Upon motion made by a party * * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The language of this rule is permissive so that the Court has a wide measure of discretion in determining whether to grant or deny a motion under it. Pittston-Luzerne Corp. v. United States, D.C.M.D. Pa.1949, 86 F.Supp. 460.

■ Plaintiff contends that certain of the defenses should be stricken for various reasons. The plaintiff contends that certain defenses are immaterial since they assert improper motives on the part of the plaintiff in bringing the action. Insofar as this is the case, the defenses should be stricken. The trial of the motives of parties in a civil action has no proper place in a judicial forum. Ramsey v. Home Mortg. Co., D.C. E.D.N.C.1931, 47 F.2d 621. As observed by Mr. Justice Brown in Dickerman v. Northern Trust Co., 1900, 176 U.S. 181, at page 190, 20 S.Ct. 311, at page 314, 44 L.Ed. 423, "If the law concerned itself with the motives of parties new complications would be introduced into suits which might seriously obscure their real merits." The general rule is that, where a claimant is entitled to relief in respect to the matter concerning which he sues, his motives are immaterial. Johnson v. King-Richardson Co., 1 Cir., 1930, 36 F.2d 675, 67 A.L.R. 1465.

The plaintiff also argues in support of the motion to strike that certain of the defenses are insufficient. To the extent that this is correct, the defenses should be stricken.

It is appropriate to examine each defense to which the plaintiff makes objection. The plaintiff has moved to strike paragraphs numbered 2 and 3 in the Second Defense and the Fourth to Ninth Defenses, inclusive, in their entirety.

■ Apparently, paragraphs 2 and 3 of the Second Defense were intended to support the defense of laches, raised specifically in paragraphs 1 and 4 of the same defense. For this reason, they will not be stricken although they are somewhat repetitious and do, by inference, at least, relate to the motives of the plaintiff in bringing this action.

■ The Fourth Defense alleges that the plaintiff is estopped by her conduct from maintaining the present action. This is a possible defense. It has been held that a stockholder's derivative action cannot be maintained by one who is estopped. Johnson v. King-Richardson Co., supra; Goldboss v. Reimann, D.C.S.D.N.Y.1943, 55 F.Supp. 811. Consequently, this defense will not be stricken.

■ In the Fifth Defense, the defendants raise questions regarding collusion, knowledge and acquiescence by plaintiff, and motives of plaintiff in bringing the action. This defense should be stricken upon three grounds: (1) The same contention regarding collusion was rejected by this Court in denying the defendants' motion to dismiss. (2) The allegations relating to knowledge and acquiescence by plaintiff aver that the husband of plaintiff had knowledge of the acts complained of and acquiesced therein. However, there is no allegation that the husband acted as agent for the plaintiff. The law of Pennsylvania, which applies here, is clear that an agency relationship cannot be inferred merely from the marital relationship. Rodgers v. Saxton, 1931, 305 Pa. 479, 158 A. 166, 80 A.L.R. 280. Consequently, this defense is insufficient. (3) Finally, the allegations with respect to the motives of the plaintiff in bringing this action are immaterial.

■ Paragraph 1 of the Sixth Defense raises the issue involving the limited liability of partners in a limited partnership. Since this is material, it will not be stricken. Paragraph 2 relates to the plaintiff's motives and will, therefore, be stricken.

Since the Seventh Defense, in its entirety, also relates to the motives of plaintiff in bringing this action, it will be stricken.

In the Eighth Defense, the defendants allege that the plaintiff is not a proper person to bring this action. This is an insufficient defense and will be stricken, since, on the record, it appears that the plaintiff is a stockholder and is therefore entitled to bring this action, and for the further reason that nothing is alleged which would deprive the plaintiff of this right.

Defendants allege in the Ninth Defense that the complaint fails to state a cause of action. This Court has already determined this question on defendants' motion to dismiss the complaint. Therefore, this defense will be stricken.

Further discussion of other contentions advanced by plaintiff in support of her motions is not required in view of the above rulings.

An appropriate order will be entered.