268

**STEVENSON v. REED et al.**

**No. 1321.**

Municipal Court of Appeals for the
District of Columbia.

Argued March 23, 1953.

Decided April 21, 1953.

Rehearing Denied May 8, 1953.

Everett L. Edmond, Washington, D. C., Verginald Dolphin, Washington, D. C., was on the brief, for appellant.

George A. Parker, Washington, D. C., Barrington D. Parker, Frank W. Adams and Jeanne B. Miles, Washington, D. C., on the brief, for appellees.

Before CAYTON, C. J., and HOOD and QUINN, JJ.

HOOD, Associate Judge.

Three individuals, Harley, Stevenson and Burrell, brought an action in the United States District Court for the District of Columbia against a group of individuals described as the pastor, deacons and trustees of the First Baptist Church.[1] The complaint alleged that the defendants had unlawfully removed plaintiffs as deacons, trustees and members of the church and sought an injunction restraining defendants "from interfering with or molesting the plaintiffs in their activities and carrying out the duties of Deacons, Trustees and Members" of the church. The District Court found that at a properly called meeting of the church the plaintiffs had been regularly removed from their offices as deacons and/or trustees and that plaintiff Stevenson had been also regularly removed from the office of treasurer of the church, but that plaintiffs had not been removed from membership in the church. On these findings the complaint was dismissed with prejudice.[2] Subsequent motions filed by plaintiffs for leave to file an amended complaint, for rehearing and for relief from judgment were denied by the District Court. Some months later the present action was brought in the Municipal

---

1. The church is designated in later proceedings as the First Baptist Church of Marshall Heights and as First Marshall Heights Baptist Church.

2. The record before us does not include

the findings and judgment of the District Court but at argument here it was stipulated by counsel that we might consider the entire record of the proceedings in the District Court.

Court by five trustees of the church. These five trustees had been defendants in the District Court proceeding. Their complaint alleged that Stevenson, one of the plaintiffs in the District Court case, had been treasurer of the church and as such had a savings account pass book representing a deposit of $1,011.86 of the church funds with the American Security and Trust Company; that Stevenson had been removed from the office of treasurer of the church but had refused to surrender the bank book. The bank was joined as defendant. Stevenson in his answer admitted having custody of the bank book and that demand for it had been made on him, but he further answered by alleging that "an illegal, vicious and fraudulent attempt was made to remove him from the office of treasurer of said church."

On motion the trial court granted summary judgment for the plaintiffs, ordering the bank to cancel the savings account pass book and to pay over to plaintiffs as trustees the deposit of $1,011.86. Stevenson has appealed and says the action of the trial court was erroneous because there were genuine issues of fact which prevented application of the summary judgment rule. We think the trial court was justified in entering summary judgment. It is apparent that Stevenson by his answer was attempting to relitigate an issue already decided against him in his suit in the District Court, namely, the legality of his removal from the office of treasurer of the church. He argues, however, that in the present suit he has denied that plaintiffs are legal trustees of the church and that this denial presents an issue of fact. A purely formal denial will not defeat summary judgment.[3] Moreover, Stevenson sued these plaintiffs in the District Court as trustees of the church and he cannot now reverse his position and question their status. Any question of the lawfulness of their trusteeship should have been raised in the District Court. At oral argument, but not in his brief, Stevenson contended that the suit to recover property of the church should have been brought in the corporate name of the church and not in the names of the trustees. Our statute relating to incorporation of religious societies expressly provides that the trustees may sue and be sued.[4]

Stevenson also contends that it was error for the trial court to dismiss his counterclaim. The counterclaim was filed by Stevenson and Burrell. It is not clear how Burrell got into the case. He was not a defendant to the main action and first appears in the case as a coparty with Stevenson on the counterclaim, although the record shows no order of court adding him as a party or permitting his intervention. The counterclaim was properly dismissed for several reasons. In the first place, it purported to be brought by Stevenson and Burrell as trustees of the church. The District Court had previously found that they had been legally removed as trustees. Therefore they could not as trustees bring this counterclaim. In the counterclaim they attempt to question the lawfulness of their removal, but that issue was settled in the District Court. In the second place, since the counterclaim sought punitive damages for an alleged conspiracy, it is obvious that this claim was asserted against plaintiffs in their individual capacities. Plaintiffs, however, were not in court as individuals but as trustees. A counterclaim must be against opposing parties and cannot bring in strangers to the main action.[5]

The counterclaim also asks that the church's certificate of incorporation be

3. Dewey v. Clark, 86 U.S.App.D.C. 137, 143, 180 F.2d 766, 772.

4. Code 1951, 29–507, 29–515.

5. Municipal Court Rule 13(a) and (b) provides that a counterclaim shall or may be brought against an "opposing party." The substantially identical terminology of Fed.R.Civ.P. 13(a) and (b) has been interpreted to mean that a counterclaim may be filed against the original plaintiff only in the same capacity in which he sued, otherwise he is not an "opposing party." Higgins v. Shenango Pottery Co., D.C.W.D.Pa., 99 F.Supp. 522; Chambers v. Cameron, D.C.N.D.Ill., 29 F.Supp. 742. Cf. Durham v. Bunn, D.C.E.D.Pa., 85 F.Supp. 530; Morris, Wheeler & Co. v. Rust Engineering Co., D.C.D.Del., 4 F.R.D. 307.

270

"cancelled." Passing over the question of the power of the Municipal Court to grant such relief, the pleadings fail to show any basis for granting such relief to the counterclaimants in this proceeding.

Affirmed.