PIOCHE MINES CONSOL., Inc., et al. v.
FIDELITY–PHILADELPHIA
TRUST CO. et al.

No. 12865.

United States Court of Appeals,
Ninth Circuit.

July 27, 1953.

Rehearing Denied Sept. 2, 1953.

H. R. Cooke and Thomas A. Cooke, Reno, Nev., Francis T. Cornish, Berkeley, Cal., for appellant, Pioche Mines Consolidated, Inc.

Douglas A. Busey, Reno, Nev., for appellant, Pioche Mines Co.

Francis T. Cornish, Berkeley, Cal., for appellant, John Janney.

Bruce R. Thompson, Reno, Nev., for appellant, Richard K. Baker.

William J. Forman, Reno, Nev., J. Tyson Stokes and Thomas B. K. Ringe, Philadelphia, Pa., for appellee.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

We heretofore ordered the dismissal of the supplemental complaint of appellee Fidelity in this case for absence of indispensable parties. Pioche Mines Consolidated v. Fidelity-Philadelphia Trust Co., 202 F.2d 944. In ruling on the case we neglected the issue whether the trial court's dismissal of Pioche's counterclaim was proper. Pioche petitioned for a rehearing requesting that we pass on that matter. Fidelity was asked to present a brief expressing its views on the subject and has done so. To this Pioche has replied, and the neglected issue is now before us for disposition.

Fidelity argues that the dismissal of its complaint renders mandatory a dismissal of the counterclaim also. We think not. Compulsory counterclaims are required to be dismissed only when the complaint is dismissed for want of jurisdiction, which was not the case here. The counter-

claim persists where it is supported by an independent ground of federal jurisdiction, Isenberg v. Biddle, 75 U.S.App.D.C. 100, 125 F.2d 741; 3 Moore's Federal Practice § 13.15. Pioche is a resident of Nevada, Fidelity of Pennsylvania; and federal jurisdiction thus rests on diversity. The Debenture Holders' Committee is not an indispensable party to the action on the counterclaim. The cause of action undertaken to be stated in the latter sounds in tort, for which liability is joint and several. In such situation the right may be asserted against any one or more of the tort-feasors, the others not being necessary parties. 3 Moore's Federal Practice § 19.11. See Rule 19, F.R.C.P., 28 U.S.C.A.

Fidelity further contends that the counterclaim was properly dismissed on its motion for summary judgment. It says that the trial court, after a careful study of the lengthy record, determined that no genuine issue of fact was presented by the counterclaim. We do not so understand the attitude of the trial judge. His opinion clearly indicates that, as regards the counterclaim, he was dismissing the first cause of action set out in it on the ground that it attempted to state a claim against Fidelity for breach of the Settlement Agreement, to which Fidelity was not a party. In our view a liberal reading of that count indicates an attempt to state a claim for tortious interference by Fidelity with contractual relations between Pioche and the Debenture Holders' Committee. As regards the second cause of the counterclaim, it is clear that the judge dismissed it on the narrow ground that the allegations bearing on the existence of tortious conspiracy were not pleaded with sufficient particularity, and also because it was not alleged that Fidelity had acted through any particular officers.

The granting of the summary judgment and the dismissal of the counterclaim were accomplished in a single order. Pioche moved that the order be amended to permit it to amend its counterclaim, but the motion was denied. In view of the liberal spirit as regards amendments displayed in Rule 15 F.R.C.P., we think Pioche should have been given opportunity by amendment to cure if it could the shortcomings of the counterclaim indicated by the judge.

Finally, Fidelity contends that the counterclaim was properly dismissed because directed against Fidelity in its individual capacty, whereas, it is said, Fidelity brought the supplement complaint in its representative or fiduciary capacity. The argument proceeds on the rule that a counterclaim against a trustee in his individual capacity, where he has sued as a fiduciary only, is not permissible inasmuch as it is not a counterclaim against an "opposing party," as contemplated by Rule 13. See Higgins v. Shenango Pottery Co., D.C., 99 F.Supp. 522; Chambers v. Cameron, D.C., 29 F.Supp. 742. We think it highly doubtful that Fidelity should be considered as having brought this action as a fiduciary in the sense of the rule. (See discussion in our original opinion of the position taken by Fidelity in the action.) In any event it would appear that Fidelity has waived the point. It answered the counterclaim on the merits and interposed no objection on the score of its status as a fiduciary. Rule 12(h) provides that, with certain exceptions not here pertinent, a party waives all defenses and objections which he does not present either by motion or in the answer or reply. This court has interpreted the rule as to require the raising of all affirmative defenses not so excepted in the reply or by motion. Morgan Electric Co. v. Neill, 9 Cir., 198 F.2d 119.

The order or judgment dismissing Pioche's counterclaim is reversed with leave to Pioche to amend the same if so advised.