**CRAVATTS v. KLOZO FASTENER CORP. et al.**

United States District Court,
S. D. New York.
Oct. 12, 1953.

Leo E. Sherman, New York City, for plaintiff.

Morris A. Pomeranz, New York City, for defendants.

WEINFELD, District Judge.

Plaintiff moves to strike a counterclaim interposed by the Klozo Fastener Corp. sued together with three individual defendants. The three individual defendants, the plaintiff, and one other constitute all the stockholders and directors of the defendant-corporation. They are also all the directors and stockholders of another corporation, Swan Fastener Corp.

The plaintiff asserts two claims—one is a stockholders' derivative action for an accounting from the individual defendants for alleged diversion of corporate funds; the other seeks to declare null and void a notice of a stockholders' meeting called to take action upon various resolutions intended to effect the ouster of the plaintiff as director, allegedly contrary to an agreement entered into among all the stockholders.

 The parties are in agreement that with respect to the stockholders' derivative action, the defendant-corporation is the beneficiary of any recovery and is an "interested" rather than an "opposing party." The court is in accord with their view that no counterclaim can be interposed by it as against the plaintiff in his individual capacity.[1]

 With respect to the second claim, the plaintiff urges again that the defendant is not an "opposing party" and further, that the counterclaim does not state a claim. These contentions must be overruled. The corporation is a party to the agreement sued upon and is named as a defendant in the second cause of action. Plaintiff's prayer for relief under his complaint sought the appointment of a temporary receiver of the corporation,[2] the enjoining of a meeting to consider, among other matters, a contemplated corporate financing and, finally, the assessment of counsel fees against the corporation as well as the individual defendants in case the plaintiff prevailed. These facts indicate that the corporate defendant is not a nominal party but an "opposing party."

The counterclaim states, if somewhat inartistically, a valid claim. In substance, the counterclaim charges that the plaintiff under the stockholders' agreement acted as the general manager of the Swan Fastener Corporation and in conspiracy with other persons diverted to a corporation organized by the plaintiff merchandise of the Swan Fastener Corporation, defendant's sole source of supply of slide fasteners, the only product sold by the defendant; that at the time of the diversion the demand for the product exceeded the supply and the defendant was compelled to cancel orders and to refuse orders with resulting loss of profit.

 These allegations, if true, constitute a proper counterclaim by the corporate defendant against the plaintiff based upon a breach of his fiduciary duty to the defendant-corporation.[3] He was

---

1. Higgins v. Shenango Pottery Co., D.C., 99 F.Supp. 522; 3 Moore's Federal Practice 15.

2. The application for a receiver pendente lite was denied.

3. Cf. General Rubber Co. v. Benedict, 215 N.Y. 18, 109 N.E. 96, L.R.A.1915F, 617; Matter of Auditore's Will, 249 N.Y. 335, 164 N.E. 242, 62 A.L.R. 551; Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L. Ed. 281.

**14**

under obligation as a director of the defendant-corporation to see that its sole source of supply was not interrupted or destroyed. In addition, even were he a stranger to, rather than a director of, the defendant-corporation, the conduct complained of may be sufficient to charge (although we do not pass upon it) intentional interference with, or inducing a breach of, the defendant's contractual relationship with the Swan Fastener Corp.[4]

■ Finally, whether the counterclaim arises out of the claim sued upon or is independent of it, it is properly advanced.[5] Even assuming arguendo, as the defendant urges, that the counterclaim is permissive and that the Court has discretion with respect thereto, the facts warrant its assertion. The charges upon which the counterclaim are based will in some measure relate to the plaintiff's claim to enjoin his removal as a director. The individual defendants, the parties to the stockholders' agreement, no doubt will advance the plaintiff's alleged violation of fiduciary duty as a defense to the plaintiff's charge of breach of the stockholders' agreement for his election.[6]

The motion to strike the counterclaim is denied.

■ The plaintiff's further motion to vacate the notice for his deposition as a party is denied. The plaintiff seeks to vacate the notice for his examination on the ground that the subject of the inquiry will require him to invoke his constitutional privilege against self-incrimination. This does not compel the va-

catur of the notice. The time to assert the plea is when specific questions are put to him during the course of the examination.[7]

Settle order on notice.

---

4. Cf. Hornstein v. Podwitz, 254 N.Y. 443, 448, 173 N.E. 674, 84 A.L.R. 1; Phillips & Benjamin Co., Inc. v. Ratner, 2 Cir., 206 F.2d 372; 6 Corbin on Contracts § 1470 (1951).

5. Rule 13(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

6. See Fells v. Katz, 256 N.Y. 67, 72, 175 N.E. 516, 517, 518: "The agreement of the stockholders to continue a man in the directorate must be construed as an

obligation to retain him only so long as he keeps the agreement on his part faithfully to act as a trustee for the stockholders."

7. Cf. Brockway Glass Co. v. Hartford-Empire Co., 36 F.Supp. 470; Grauer v. Schenley Products Co., Inc., 26 F.Supp. 768; Nekrasoff v. U. S. Rubber Co., D.C., 27 F.Supp. 953; 4 Moore's Federal Practice, p. 1088.