Henry A. BERGER

v.

REYNOLDS METALS COMPANY et al.

Civ. A. No. 37673.

United States District Court
E. D. Pennsylvania.

Feb. 3, 1966.

Israel Packel, Nathan L. Posner, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for plaintiff.

Theodore Voorhees, Dechert, Price & Rhoads, Philadelphia, Pa., for defendants Reynolds Metals Co., and Albert M. Cole, Roy W. Davis, Richard I. Dawes, Robert E. Morrison, A. H. Williams, and David P. Reynolds, New Eastwick Corp.

DAVIS, District Judge.

The plaintiff, a 22% minority shareholder, has instituted a stockholder's derivative suit on behalf of himself and other stockholders of New Eastwick Corporation against Reynolds Metals Company, a 56% majority shareholder, and certain officers and directors of New Eastwick for mismanagement, diversion of funds for the benefit of Reynolds Metals Company, and breach of their fiduciary duty of loyalty. Our jurisdiction is based solely on diversity of citizenship.

The defendants Reynolds Metals Company and New Eastwick Corporation have filed a motion to join as Third Party Defendants, Samuel A. Berger individually, who is the other stockholder with a 22% stock interest, and Henry A. Berger and Samuel A. Berger, partners trading as Berger Brothers, and have filed a counterclaim against them, alleging that they have violated the joint venture agreement of August 3, 1960 which set forth the relationship of Samuel A. Berger, Henry A. Berger, and Reynolds Metals Co.[1] and which was the basis for the formation of the New Eastwick Corporation. The plaintiff opposes the defendant's motion to join Samuel Berger individually and Samuel and Henry Berger, trading as Berger Brothers, and has filed a motion under Rule 12 of Federal Rules of Civil Procedure to dismiss the counterclaim on the ground

that the defendants have not met the requirements of Rule 13.[2] These motions are now before the court.

### I.

The plaintiff first of all contends that the defendants are not opposing parties within the meaning of Rule 13(a) or 13 (b). Rule 13(a) relating to compulsory counterclaims reads:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any *opposing* party * * *." [Emphasis added.]

Rule 13(b) relating to permissive counterclaims reads:

"A pleading may state as a counterclaim any claim against an *opposing party* * * *." [Emphasis added.]

The plaintiff argues that since he is bringing his stockholders derivative suit in a fiduciary or representative capacity in behalf of the corporation, the defendants cannot bring a counterclaim against him as an individual inasmuch as he is not opposing them in an individual capacity. This reasoning has found support in a number of cases involving stockholders derivative suits. Cravatts v. Klozo Fastener Corporation, 15 F.R.D. 12 (S.D.N.Y.1953); Higgins v. Shenango Pottery Company, 99 F.Supp. 522 (W.D.Pa.1951); Cf. Pioche Mines Consol. Inc. v. Fidelity Philadelphia Trust Co.,

---

1. The original party to this contract was Reynolds Aluminum Service Corporation of Virginia. On October 27, 1960, it assigned all its right, title and interest in the joint venture agreement to Reynolds Metals Company.

2. (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader

need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13. As amended Dec. 27, 1946, eff. March 19, 1948; Jan. 21, 1963, eff. July 1, 1963.

(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

206 F.2d 336 (9th Cir. 1953), cert. denied 346 U.S. 899, 74 S.Ct. 225, 98 L.Ed. 400 (1953); Epstein v. Shindler, 26 F.R.D. 176 (S.D.N.Y.1960); Chambers v. Cameron, 29 F.Supp. 742 (N.D.Ill.1939).

However, the recent case of Burg v. Horn, 37 F.R.D. 562 (E.D.N.Y.1965) refused to apply the term "opposing party" mechanically. There, a stockholder, who was also a corporate officer and director, brought a stockholders' derivative suit against the corporation and the other two stockholders who were also officers and directors. The defendants asserted a counterclaim, but the plaintiff moved to dismiss on the ground that she was suing in a representative capacity to vindicate a corporate right and therefore was not "an opposing party." While recognizing the holdings of the *Higgins* *and Cravatts* cases, supra, the court held that they did not apply in the case of a closely held corporation where the substance of the action was "to determine the rights of the three individual parties against one another." [3]

The case now before the court likewise involves a tightly held corporation and the adjudication of the rights of its three and only stockholders, Henry Berger, Samuel Berger and the Reynolds Metals Company.

In addition, it should not be forgotten that the purpose of Rule 13 is the avoidance of a multiplicity of suits and the adjudication of all causes of action between the same parties at one time. 1A Barron & Holtzoff, Federal Practice & Procedure § 397–98. To say that a plaintiff bringing a stockholder's derivative suit is not an opposing party under the circumstances of this case, where he is one of three major and only stockholders, is to place form over substance and to undermine and thwart the salient purpose of Rule 13. The plaintiff is in fact and in reality opposing the interests and position of the defendants and in the case of the defendant New Eastwick Corporation, those who control it. The rule makes no mention of the word "capacity", the important consideration being that the parties are real opponents in litigation. In reaching this interpretation, the court believes it is following not only the spirit and letter of Rule 13 but also the spirit and letter of Rule 1 which provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." To the extent that the *Higgins and Cravatts* cases, supra, and any others are to the contrary, this court declines to follow them.

## II.

The plaintiff next argues that even if he is considered an "opposing party," the defendants' counterclaim still cannot be asserted as a compulsory counterclaim pursuant to Rule 13(a) because the claims set forth therein do not arise "out of the transaction or occurrence that is the subject matter of the opposing party's [plaintiff's] claim."

The question as to whether the defendants' counterclaim is compulsory pursuant to Rule 13(a) or permissive pursuant to Rule 13(b) is of very great importance because of the citizenship of the parties to this action. If the counterclaim is permissive and Samuel Berger and Berger Brothers, both Pennsylvania citizens, are joined as additional parties, this court will lose its diversity jurisdiction over the claim since the defendant New Eastwick Corporation was incorporated in Pennsylvania. Lesnick v. Public Industrials Corp., 144 F.2d 968 (2d Cir. 1944); Robinson Bros. & Co. v. Tygart Steel Products Co., 9 F.R.D. 468 (W.D.Pa.1949); 1A Barron & Holtzoff, Fderal Practice and Procedure § 392; Moore, Federal Practice § 13.19.

However, if the counterclaim is compulsory, this court acquires ancillary jurisdiction, making it immaterial whether diversity exists between the de-

---

3. Burg v. Horn, 37 F.R.D. 562, 563 (E.D.N.Y.1965).

fendants and additional parties so long as there is diversity between the original plaintiff and original defendants. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926); Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631 (3d Cir. 1961); United Artists Corp. v. Masterpiece Productions, Inc., 221 F.2d 213 (2d Cir. 1955); Heintz & Co. v. Provident Tradesmens Bank & Trust Co., 30 F.R.D. 171 (E.D.Pa.1962); Markus v. Dillinger, 191 F.Supp. 732 (E.D.Pa.1961); Arvey Corp. v. Peterson, 178 F.Supp. 132 (E.D.Pa.1959); 1A Barron & Holtzoff, Federal Practice & Procedure 392; 3 Moore, Federal Practice § 13.15.

■ Rule 13(a) provides that a compulsory counterclaim is one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." While this phrase has escaped exact definition, the decisions have adopted the test of whether there is a logical relationship between the two causes of action. Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631 (3d Cir. 1961); United Artists Corp. v. Masterpiece Productions, Inc., 221 F.2d 213 (2d Cir. 1955).

In order to determine whether the counterclaim meets this standard, the court must look to the allegations in the pleadings. Here the complaint alleges that the defendant Reynolds Metals Company, through the ownership of a majority of the stock in New Eastwick, diverted the latter's assets for Reynolds' benefit. It also contends generally that all the defendants have been guilty of various acts of mismanagement and particularly that they have failed to proceed in good faith with Philadelphia's Eastwick Redevelopment Project in violation of agreements between New Eastwick and the Redevelopment Authority of Philadelphia and have surrendered the development of a substantial portion of the land involved to another company.

In its counterclaim, the defendants allege that Samuel A. Berger had made fraudulent misrepresentations pertaining to the time for filing bids with the Redevelopment Authority and that the joint venture agreement between the Bergers and Reynolds Metals Company was based thereon. It also charges the Bergers with antagonistic and obstructionist acts against the defendants' efforts to effectuate the redevelopment of Eastwick.

■ It is clear to this court that a logical relationship does exist between the claim and the counterclaim. Both involve allegations relating to the obligations and abilities of New Eastwick to carry forth a specific urban development project, and the plaintiff goes so far as to admit in his brief that "It would, of course, be less than candid not to say that both the claim and counterclaim are rooted in the economic failure of New Eastwick." Therefore, we deem the counterclaim compulsory. See Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631 (3d Cir. 1961); United Artists Corp. v. Masterpiece Productions, Inc., 221 F. 2d 213 (2d Cir. 1955); Arvey Corp. v. Peterson, 178 F.Supp. 132 (E.D.Pa. 1959); E. J. Korvette Co. v. Parker Pen Co., 17 F.R.D. 267 (S.D.N.Y.1955). See Wright, Estoppel by Rule: The Compulsory Counterclaim under Modern Pleading, 38 Minn.L.Rev. 423 (1954); 3 Moore, Federal Practice, § 13.13; 1A Barron & Holtzoff, Federal Practice & Procedure § 394.

## ORDER

And now, this 3rd day of February 1966, upon consideration of the briefs and the oral arguments, defendants' motion under Rule 13(b) to join as additional defendants Samuel A. Berger, individually, and Henry A. Berger and Samuel A. Berger, partners trading as Berger Brothers is granted, and the plaintiff's motion under Rule 12(b) to dismiss the defendants' counterclaim is denied.