**Theodore F. TWARDZIK**

v.

**Joseph T. SEPAULEY et al.**

**Civ. A. No. 68–563.**

United States District Court
E. D. Pennsylvania.

Nov. 14, 1968.

See also, D.C., 286 F.Supp. 346.

William T. Hangley, Philadelphia, Pa., for plaintiff.

Donald A. Scott, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

This case comes before the Court on a Motion by plaintiff to dismiss defendants' counterclaim to plaintiff's supplemental complaint. This is a derivative action in which the plaintiff, as set forth in the complaint, is suing both in an individual and representative capacity. The question presented is: Is such a plaintiff immune from a counterclaim of defendant?

 Although the plaintiff brings this suit partially in an individual capacity, nowhere in the pleadings is there evident any relief requested for himself *as an individual.* Merchants National Bank of Shenandoah is the real party in interest in this derivative action. Furthermore, the Honorable Charles R. Weiner of this Court in a Memorandum Opinion filed July 9, 1968 allowed the supplemental complaint to be filed as a *derivative* action. It is clear to this Court that absent plaintiff's statement in the original complaint that he is suing on behalf of himself as well as the corporation, Merchants National Bank, there is nothing in the record to indicate that plaintiff is proceeding in any other but a representative manner. Accordingly, the Court will not permit defendants to counterclaim against plaintiff on the ground that he is suing as an individual.

Defendants rely on the cases of Berger v. Reynolds Metals Co., 39 F.R.D. 313 (E.D.Pa.1966) and Burg v. Horn, 37 F.R.D. 562 (E.D.N.Y.1965) for the proposition that plaintiffs suing in a representative capacity in a derivative action may be counterclaimed against.

These cases were specifically limited to situations where the corporation involved was a closely-held business. In-

deed Judge Davis held in the *Berger* case citing Burg v. Horn, supra, the rule enunciated in Cravatts v. Klozo Fastener Corp., 15 F.R.D. 12 (S.D.N.Y.1953) and Higgins v. Shenango Pottery Co., 99 F. Supp. 522 (W.D.Pa.1951) that a defendant in a derivative action cannot counterclaim against a representative plaintiff except "in the case of a closely held corporation". Berger v. Reynolds Metal Co., 39 F.R.D. 313, 315 (E.D.Pa.1966).

We are concerned here with a corporate bank having over one-hundred shareholders. It is obviously not a closely-held corporation. For this reason it does not fall within the *Berger* limitation; and as stated in *Cravatts* and *Higgins,* a representative plaintiff suing on behalf of this Bank is immune from a personal counterclaim.

And now, to wit, this 14th day of November, A.D. 1968, it is ordered that defendants' counterclaim against plaintiff, Theodore F. Twardzik, be and the same is hereby dismissed.

And it is so ordered.