Bernard A. KLINZING, and Continental Investments, Inc., Howard M. Skillrud, George J. Gallagher, Charles D. Yeoman and Shirley M. Yeoman, husband and wife, and Yeoman Enterprises, Inc., Plaintiffs,

v.

SHAKEY'S INCORPORATED, a California corporation, Great Western United Corporation, a Delaware corporation, and Griffith Laboratories, an Illinois corporation, Defendants.

No. 69–C–344.

United States District Court
E. D. Wisconsin.

Jan. 14, 1970.

William E. Glassner, Jr., and Ronald S. Jacobs, Milwaukee, Wis., for plaintiffs.

Steven E. Keane, James P. Brody and Maurice J. McSweeney, Milwaukee, Wis., and Thomas H. Baer, New York City, for defendants, Shakey's Inc. and Great Western United Corp.

L. William Staudenmaier, Jr., Milwaukee, Wis., for defendant, Griffith Laboratories. Kegan, Kegan Y Berkman and Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., of counsel.

Aaron E. Goodstein, Milwaukee, Wis., and James H. Littlepage, Washington, D. C., for Co-Ord, Ltd., and Irving Koren (additional defendants on counterclaim).

## OPINION AND ORDER

REYNOLDS, District Judge.

This is a class action brought by the plaintiffs pursuant to the antitrust laws of the United States for money damages and injunctive relief. The class of plaintiffs consists of all present and past pizza parlor franchisees of the defendant, Shakey's Incorporated ("Shakey's"). The defendant, Great Western United Corporation, is the parent corporation of Shakey's, and defendant, Griffith Laboratories, is supplier of spices to Shakey's. Plaintiffs allege that defendants have required franchisees of Shakey's to enter into illegal franchise agreements whereby Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act have been violated.

Defendants have counterclaimed against all plaintiffs except Shirley M. Yeoman, alleging that they are active conspirators in violation of both the federal antitrust laws and common law. Defendants have also counterclaimed against Co-Ord, Ltd., a Wisconsin corporation which distributes food products and equipment to Shakey's franchisees, and Irving Koren who is the president of Co-Ord and the executive director of the International Franchised Dealers Association, a Wisconsin corporation purportedly representing a number of Shakey's franchisees in several states. Defendants allege that counterclaim-defendants and non-parties, Co-Ord, Ltd., and Koren, have unlawfully conspired to breach franchise agreements with Shakey's and to induce other franchisees to breach their franchise agreements with Shakey's. Defendants have moved, under Rule 13(h) of the Federal Rules of

Civil Procedure to add Co-Ord and Koren as additional defendants to the counterclaim. This motion is now before the court.

Plaintiffs argue that since they are bringing the suit in a fiduciary or representative capacity in behalf of the class, the defendants cannot bring counterclaims against them as individuals inasmuch as plaintiffs do not oppose defendants in an individual capacity. Plaintiffs further argue that since the various individual claims alleged by defendants are not proper counterclaims against the representative plaintiffs, they cannot be used as a vehicle for bringing other parties into the action.

Plaintiffs' position regarding counterclaims against plaintiffs suing in a representative capacity has found support in a number of decisions. Cravatts v. Klozo Fastener Corp., 15 F.R.D. 12 (S. D.N.Y.1953); Higgins v. Shenango Pottery Co., 99 F.Supp. 522 (W.D.Pa.1951); Pioche Mines Consol., Inc. v. Fidelity-Philadelphia Trust Co., 206 F.2d 336 (9th Cir.), cert. denied 346 U.S. 899, 74 S.Ct. 225, 98 L.Ed. 400 (1953); Chambers v. Cameron, 29 F.Supp. 742 (N.D. Ill.1939). See also 6 Cyclopedia of Federal Procedure § 16.41 (3rd ed. 1966):

" * * * In cases where action is brought by plaintiffs in a certain capacity, for example as trustees, the enforcement of * * * [the opposing party] principle will operate to prevent the interposition of counterclaims against the plaintiffs in their individual capacity."

However, recent decisions recognize that the rule against counterclaiming plaintiffs who sue in a representative capacity is at least subject to exception in certain situations. In Scott v. United States, 354 F.2d 292, 173 Ct.Cl. 650, (1965), the court held that the defendant could counterclaim against an individual partner-plaintiff for independent causes of action unrelated to that on which the partnership (in its represent- ative capacity) sued. The court noted at 301 that:

" * * * Individuals suing as the representative of another or as a fiduciary do not benefit, in any immediate, personal way, from the judgments entered in those suits. * * * Inherent in the notion of ticking off the parties' debts and obligations to achieve an ultimate balance—the concept underlying the counterclaim rules —is the necessary condition that the parties against whom counterclaims may be lodged have a personal, beneficial interest in the claim declared in the complaint or petition. The rulings disallowing counterclaims against plaintiffs suing in a representative capacity rest on the assumption that such persons do not. See, e. g., Higgins v. Shenango Pottery Co., supra, 99 F.Supp. 522, 524 (W.D.Pa. 1951). * * * "

The court also said at 300:

" * * * The controlling philosophy [of the counterclaim, joinder, impleader and intervention rules] is that, so far as fairness and convenience permit, the various parties should be allowed and encouraged to resolve all their pending disputes within the bounds of the one litigation. To say that an individual partner-plaintiff can veto the maintenance of an individual counterclaim against him, even though convenience and fairness would be served by allowing it, goes counter to this basic premise and affords partners a technical, artificial device for proliferating litigation and possibly escaping valid demands against them."

Berger v. Reynolds Metals Co., 39 F. R.D. 313, 315 (D.C.1966), held that a counterclaim could be asserted individually against a shareholder who brought a derivative action in the context of a closely held corporation, reasoning that " * * * the important consideration [is] that the parties are real opponents in litigation."

█ The present action is not one where the plaintiffs are standing solely in the shoes of another. Rather it is clear that plaintiffs are asking for damages for themselves individually as well as for the other members of the class they represent. The purpose of Rule 13 of the Federal Rules of Civil Procedure is " * * * the avoidance of a multiplicity of suits and the adjudication of all causes of action between the same parties at one time." *Berger*, supra, at 315. Plaintiffs allege that the franchise agreements are illegal, while defendants counterclaim that the plaintiffs have illegally conspired to breach those same agreements. Therefore, this court finds that the parties are "real opponents in litigation"—*Berger*, supra—and that to avoid a multiplicity of lawsuits the disputes pending between the parties should be resolved within the bounds of this litigation. Defendants' counterclaims against the plaintiffs are proper.

█ Therefore, if defendants meet the requirements of Rule 13(h), the motion to add parties should be granted. In Checker Motors Corp. v. Chrysler Corp., 39 F.R.D. 37, 38 (S.D.N.Y.1965), Chrysler counterclaimed and sought to join additional counterclaim-defendants it alleged were key figures in a conspiracy with plaintiff. The court said that "The general rule is therefore that a party will be adder [sic] under Fed.R. Civ.P. 13(h) if the addition is necessary to grant complete relief between those already parties" and granted the motion to add parties. The situation at hand is very similar to that in *Checker*, for defendants Shakey's, et al., have alleged in their counterclaim that plaintiffs, Co-Ord, and Koren have conspired illegally together. This court therefore finds that the addition of the two parties is necessary to granting complete relief.

It is therefore ordered that defendants' motion to add Co-Ord, Inc., and Irving Koren as parties to this action be and it is hereby granted.