Nicholas J. **TRYFOROS** and Bebe Spanos Ikaris, Trustees, on behalf of themselves and all other stockholders of Icarian Development Company S.A., similarly situated, Plaintiffs,

v.

**ICARIAN DEVELOPMENT COMPANY** S.A., a Panamanian corporation, et al., Defendants.

No. 68 C 656.

United States District Court, N. D. Illinois, E. D.

Feb. 10, 1970.

William P. Rosenthal, Norman L. Rothenbaum, Stuart K. Taussig and Harvey J. Barnett, Chicago, Ill., for plaintiffs; Rosenthal & Schanfield, Chicago, Ill., of counsel.

Seymour F. Simon, Chicago, Ill., for defendants J.L. Manta, Inc., Leo J. Manta, George L. Manta, Helen Manta, John L. Manta, Barbara Manta, Leo George Manta, Clara Manta Karones, Christ Karafotias and Angela Karafotias.

## MEMORANDUM AND ORDER ON MOTION TO STRIKE AMENDED COUNTERCLAIM

ROBSON, District Judge.

The plaintiffs move to strike the defendants' amended counterclaim. For the reasons set forth below, this court is of the opinion the motion should be granted.

### The Complaint

This is a shareholders' derivative action brought on behalf of Icarian Development Company S.A. (Icarian), a Panamanian corporation. The plaintiffs, citizens of New York, are the liquidating trustees of a corporate holder of Icarian Stock, Nispan Corporation (Nispan), a now defunct Panamanian corporation. The individual defendants, all citizens of Illinois, are directors and officers of Icarian. Jurisdiction is conferred upon this court by 28 U.S.C. § 1332(a) (3).

The complaint charges the individual defendants with conspiring to defraud Icarian of virtually all its assets. Specifically; the defendants are charged with conspiring to divert the proceeds which Icarian was to receive by reason of a settlement agreement with Iranian Lloyd, an Iranian corporation, and one Ahmad Chafik, a citizen of Iran. Complaint, Exhibit C. It is contended that Icarian transferred substantially all its assets pursuant to this agreement, but that Icarian never received the agreed consideration. As a result of the defendants' alleged diversion of these proceeds, plaintiffs contend that Icarian has ceased to do business, and has failed to pay its creditors. Plaintiffs seek an accounting and punitive damages against the individual defendants on behalf of Icarian.

### The Amended Counterclaim

The defendants have filed an amended counterclaim purporting to sue the plaintiffs individually, as well as one Nick C. Spanos and Nispan, *neither of whom are parties* to this cause.[1] The defendants claim that plaintiff Bebe Spanos Ikaris and Beatrice Connides, both of whom are sisters of Spanos received their stock in Nispan as a gift from Spanos. The gift was allegedly made and received pursuant to a conspiracy to permit Nispan to institute derivative actions through Ikaris and Connides without Spanos appearing as a party plaintiff.

The amended counterclaim further charges that Spanos, Ikaris, the Connides, Nispan, "and others" conspired to defraud two of the defendants, John L. Manta and George L. Manta, of funds which they loaned to and invested in Icarian and six other foreign corporations, *none of which are parties*. The counterdefendants are also charged with misappropriating funds of "the Spanos shipping enterprises," *none of which are parties*. Other charges of fraud allegedly perpetrated *by Spanos* upon the defendants are contained in the amended counterclaim.

### Failure to State a Claim Against an "Opposing Party"

The amended counterclaim seeks personal relief against the plaintiffs and nonparties. However, the plaintiffs did not bring this shareholder's derivative action in an individual capacity but rather sue as liquidating trustees of Nispan, a holder of Icarian stock. While Nispan and some of the individual defendants are shareholders of Icarian, there are other shareholders and creditors of Icarian not before this court. This court has previously found that one Frank Wortman was the controlling shareholder of Nispan at the time of its

---

1. The counterclaim names Beatrice and George Connides, a sister and brother-in-law of Spanos, as "co-conspirators" but not as counterdefendants.

dissolution and at the commencement of this suit. Tryforos et al. v. Icarian Development Company S.A., 47 F.R.D. 191, 192–193 (N.D.Ill.1969). It is uncontroverted that "the Nicozisis family" holds Icarian stock. The plaintiffs have represented in their pleadings that one Nicholas J. Pastes is also an Icarian shareholder. The plaintiffs have also listed several creditors of Icarian whose claims allegedly total approximately $50,000. None of the foregoing is before this court, although each has an interest in the recovery of any funds diverted from Icarian.

It is well established that a person who brings an action in a representative capacity is not an "opposing party" within the meaning of Rule 13, Federal Rules of Civil Procedure,[2] and therefore cannot be the subject of personal counterclaims. Chambers v. Cameron, 29 F.Supp. 742, 744 (N.D.Ill. 1939); Higgins v. Shenango Pottery Co., 99 F.Supp. 522, 524 (W.D.Pa.1951); Cravatts v. Klozo Fastener Corporation, 15 F.R.D. 12, 13 (S.D.N.Y.1953); Epstein v. Shindler, 26 F.R.D. 176, 177–178 (S.D.N.Y.1960). A limited exception to this rule has been recognized in situations involving a closely held corporation where *all* the shareholders are before the court. *E.G.*, Berger v. Reynolds Metals Company, 39 F.R.D. 313, 315 (E.D.Pa. 1966); Burg v. Horn, 37 F.R.D. 562, 563 (E.D.N.Y.1965). However, this case does not fall within the clearly-defined boundaries of the exception. In contrast with the situations presented to the *Burg* and *Berger* courts, here there are shareholders and creditors *other than the parties* who have an interest in any recovery realized on behalf of Icarian. For this reason, personal claims cannot be asserted against the plaintiffs, and the counterclaim is fatally defective un-

der Rule 13. Furthermore, Spanos and Nispan cannot be joined as parties for the purpose of asserting a noncompulsory counterclaim directed solely at them. United States v. Techno Fund, Inc., 270 F.Supp. 83, 85 (S.D.Ohio 1967). This court finds that the counterclaim is essentially directed against Spanos, and raises issues which are remote and immaterial to the relatively simple issue before this court, i.e., whether or not the defendants misappropriated the assets of Icarian. The counterclaim, if permitted, would interject complex and immaterial issues into this lawsuit, and would necessitate additional expensive and time-consuming discovery. For these reasons, this court concludes that the amended counterclaim cannot be permitted.

It is therefore ordered that the amended counterclaim be, and it is hereby stricken.

---

2. Rule 13 provides, *inter alia*, that compulsory and permissive counterclaims may be asserted *against an opposing party*. Additional parties may be brought in when their presence "is required for the granting of complete relief in the determination of a counterclaim," if such joinder does not deprive the court of jurisdiction of the action.