### LEON TEMPELSMAN AND SON

v.

### TECC CORPORATION.

#### CA3–85–0748–F.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 23, 1985.

William Chris Wolffarth of True & Mclain, Dallas, Tex., for Leon Tempelsman and Son.

W.W. Mitchell, II, of Berman, Fichtner & Mitchell, Dallas, Tex., for TECC Corp.

### ORDER

ROBERT W. PORTER, District Judge.

Plaintiff, a limited partnership suing Defendant to collect a debt, has moved to

strike Defendant's counterclaim against the individual partners. The counterclaim is against Maurice and Leon Templesman for breach of warranty and fraud in the sale of stock to Defendant's predecessor in interest, N.E.D. Corporation. Defendant asserts its permissive counterclaim is properly before the Court and, in the interest of judicial economy, should remain.

■ Federal Rule of Civil Procedure 13(b) permits a party to assert as a counterclaim "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(b). A permissive counterclaim must be supported by an independent ground for federal jurisdiction. *Revere Copper & Brass, Inc. vs. Aetna Cas. & Sur. Co.*, 426 F.2d 709 (5th Cir.1970). Although Plaintiff challenges the alleged diversity jurisdiction in the counterclaim, the Court rests its decision on a different deficiency: failure to sue an opposing party.

The general rule, as pointed out by Plaintiff, is that when an action is brought in a representative capacity, the Defendant cannot assert a counterclaim against the individual because they are not "opposing parties." 6 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1404 (1971); *Pioche Mines Consol. Inc. v. Fidelity-Philadelphia Trust Co.*, 206 F.2d 336 (9th Cir. 1953). Defendant argues the Court must look beyond the stated capacities of the parties and determine the real party in interest. In that situation, counterclaims against individual members of a partnership should be allowed. *Scott v. United States*, 354 F.2d 292, 173 Ct.Cl. 650 (1965). The Court finds, however, the *Scott* case unpersuasive and, having considered all factors, will strike the counterclaim.

The Court of Claims in *Scott* found, for counterclaim purposes, there were no practical reasons to consider each partnership as an entity instead of as an aggregate of individuals. 354 F.2d at 299. The Court's conclusion was based, *inter alia*, on the fact that the partners considered themselves as individuals asserting jointly-held business claims instead of as a separate entity. Such is not the case *sub judice*. Moreover, the *Scott* ruling was based on Claims Court rules of procedure, not federal rules, and examined general partnerships, not a limited partnership. In fact, the Court specifically refused to decide how it would treat a limited partnership. 354 F.2d at 299, n. 15.

■ Finding no precedent or persuasive authority to the contrary, the Court will follow the traditional principle that a person is an "opposing party" for counterclaim purposes only in the capacity in which he was submitted to the Court's jurisdiction. Unlike *Scott*, there are no circumstances here to indicate Leon Templesman and Son are litigating except as a limited partnership. Only in situations where Plaintiff submitted himself in a *second* capacity have counterclaims been allowed against him in that capacity. *See, e.g., Abraham v. Selig*, 29 F.Supp. 52 (S.D.N.Y.1939) (action by partnership as joint owners; counterclaim against partners allowed); *Vernon J. Rockler & Co. v. Minneapolis Shareholders Co.*, 69 F.R.D. 1 (D.Minn.1975) (counterclaims against Plaintiffs in derivative suit allowed where primary non-derivative claims were asserted). The Court concludes the instant counterclaim is not against an "opposing party" within the meaning of Rule 13. *Zion v. Sentry Safety Control Corp.*, 258 F.2d 31 (3rd Cir.1958); *Tryforos v. Icarian Development Co.*, 49 F.R.D. 1 (N.D.Ill.1970); *Higgins v. Shenango Pottery Co.*, 99 F.Supp. 522 (W.D.Pa.,1951); *Chambers v. Cameron*, 29 F.Supp. 742 (N.D.Ill.1939).

■ The Court's decision is strengthened by factors such as fairness, convenience and availability of alternatives. Although Rule 13(i) allows the Court to separate claims for trial and even judgment, its ultimate purpose is the conservation of judicial resources by joining all claims between parties in one lawsuit. This counterclaim, if permitted, however, would inject issues far removed from the original suit and require the joinder of additional parties. Those issues and parties would then most likely

require severance before trial. Defendant is not foreclosed from pursuing its unrelated claims against those parties in a forum convenient to all. However, fairness and convenience to the potential parties as well as the Court's concern over managing its own docket weigh heavily in support of dismissal. Accordingly, it is hereby

ORDERED that Plaintiff's motion to dismiss the counterclaim is GRANTED and Defendant's counterclaim is STRICKEN.