Barbara L. FITZGIBBONS, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 75–2187
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1975.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

George G. Graham, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Scott P. Crampton, Asst. Atty. Gen., U. S. Dept. of Justice, Gilbert E. Andrews, Acting Chief, Appellate Sect., John E. Lutz, Grant W. Wiprud, Sharon A. Darling, Dept. of Justice, Tax Div., Washington, D. C., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Barbara Fitzgibbons appeals from the judgment entered upon a jury verdict upholding the assessment of a penalty against her under Section 6672 of the Internal Revenue Code (1954). The jury found her to be a responsible "person" of Aerovias International Balboa, S. A. (Balboa) who willfully failed to pay over withheld employment taxes in the amount of $5,501.97, for the four quarters of 1968, and the first quarter of 1969.[1] The only issue on appeal is whether the district court should have granted Fitzgibbons' motion for a directed verdict or judgment notwithstanding the verdict. We affirm the judgment based upon the jury finding for the first three quarters of 1968, and reverse with respect to the last quarter of 1968 and the first quarter of 1969.

Under *Boeing Company v. Shipman,* 5 Cir. 1969, 411 F.2d 365, 374–75, if reasonable and fair-minded persons in the exercise of impartial judgment might reach differing conclusions on the evidence, the case must be submitted to the jury. Only if the facts and inferences "point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict," should the motion for a directed verdict or judgment N.O.V. be granted.

Fitzgibbons, who for a time was secretary of Balboa and Mieres, who was general manager of Balboa, were the only witnesses. The issue as to who was responsible for the corporation's failure to pay its taxes had to be determined on a credibility choice since each witness placed ultimate authority with the other. It was, therefore, appropriate for the jury to resolve the dispute, at least with respect to the first three quarters of 1968.

Fitzgibbons resigned her position as secretary of Balboa on October 25, 1968. Thereafter there is no evidence to support her status as a responsible person who willfully failed to pay employment taxes. Fitzgibbons' motion for a directed verdict should have been granted as to the taxes due in the fourth quarter of 1968 and the first quarter of 1969.

The judgment is affirmed with respect to the first three quarters of 1968, and is reversed with respect to the fourth quarter of 1968, and the first quarter of 1969, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

---

1. The exact amounts due per quarter are:

| Quarter Ending | Penalty |
|---|---|
| 3-31-68 | $ 1,194.93 |
| 6-30-68 | 1,235.38 |
| 9-30-68 | 1,433.89 |
| 12-31-68 | 1,533.85 |
| 3-31-69 | 103.92 |
| Total Assessment | $ 5,501.97 |