**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry L. McMAHAN et al., Defendants-Appellants.**

**No. 75–3915.**

United States Court of Appeals, Fifth Circuit.

July 25, 1977.

Rehearing En Banc Granted Oct. 17, 1977.

---

Fred L. Somers, Jr., John W. Gibson, Atlanta, Ga., for defendants-appellants.

John W. Stokes, U. S. Atty., Wm. A. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Crombie J. D. Garrett, William S. Estabrook, III, Gilbert Andrews, Act. Chief Appellate Sec., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before TUTTLE, MORGAN and HILL, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal from a judgment of the district court finding that McMahan was a responsible officer of a corporation which failed to pay over withholding taxes and setting aside a conveyance by McMahan to his wife of their homeplace and foreclosing the Government's tax lien against the real property.

The issues are two in number, one legal and one factual.

(1) Was McMahan entitled to a jury trial because of the fact that the suit required a determination of the legal question whether McMahan was a responsible officer who wilfully failed to pay over withholding funds of his corporation?

(2) Was there sufficient evidence that the conveyance to McMahan's wife was voidable under the Georgia statutes?

The Government's action was to enforce the provisions of 26 U.S.C. §§ 6671 and 6672(b).[1]  Although not now contested on

---

1.  § 6672.  Failure to collect and pay over tax, or attempt to evade or defeat tax.

 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who wilfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total

appeal, McMahan initially defended on the ground that he was not a responsible corporate officer subject to the provisions of this Code section and he specifically demanded a jury trial for the determination of this issue.

As indicated, subject only to his claim to a right to a jury trial, the taxpayer did not contest a recitation of facts as stated by the Government's brief to have been found by the district court as follows:

Henry L. McMahan, while president and chief executive officer of Little River Farms, Inc., was advised as early as the beginning of 1969 by Leon Smith, the treasurer of that corporation, that withheld federal income taxes of employees of the corporation had not been paid over to the Internal Revenue Service. Corporate failure to pay over federal withholding and F.I.C.A. taxes continued in 1970, with Henry L. McMahan being continually apprised of this fact. Although advised by the Internal Revenue Service in October, 1969, of the necessity of keeping the corporation current in its payment of these federal tax obligations, Henry L. McMahan, who had check signing authority, permitted the corporation to pay creditors other than the United States. As a result, the Internal Revenue Service shut the corporation down on or about April 15, 1970, $20,800 was received from the sale of the corporation's assets on May 10, 1970, and, in October of 1971 the Commissioner of Internal Revenue made assessments against Henry L. McMahan as a responsible officer of Little River Farms, Inc. for unpaid withholding and F.I.C.A. taxes extending from the second quarter of 1969 through the second quarter of 1970 in the total sum of $73,941.81.

Other facts, relating to the question of proof of the fraudulent conveyance as found by the trial court included the following. On February 23, 1970, McMahan conveyed real property located at Route 5, Cumming, Forsyth County, Georgia, to his wife, Jere Sewell McMahan. The deed stated that the consideration was "$10 and other valuable consideration," although no state transfer tax stamps were affixed thereto. Apparently, although not clearly, the value of the property on February 23, 1970 was at least $37,100 based solely on the amount invested in it. At the time of the conveyance on February 23, 1970, the property was encumbered by recorded mortgages in favor of Elizabeth W. Ferguson in the original principal amount of $9,500 on which there was now standing a balance of between three and five thousand dollars and a mortgage in favor of defendant, Minnie Wallace, in the principal amount of $9,600. As of the date of the transfer of the property, Mrs. McMahan gave no present consideration to her husband for the transfer.

The court found a failure of proof on the part of the McMahans that certain amounts that had been made available to Mrs. McMahan was in fact part of the consideration given by her as a purchase price for the property. Nevertheless, the court gave some effect to these contentions in its final calculation as to the adequacy of the consideration. The court stated:

"The subject property had a value at the time of the sale of at least $37,100 not considering that the property is situated in a highly desirable and much sought after area of metropolitan Atlanta and may have enhanced and appreciated in value prior to the time of the conveyance deducting therefrom $12,600 to $14,600 representing mortgage balances on said property, would leave an equity of between $20,500 and $22,500 deducting Mrs. McMahan's inheritance of $11,600 from the equity leaves a difference of between $8,900 and $10,900 or considerably more

amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.
§ 6671. Rules for application of assessable penalties   .   .   .

(b) Person defined. —The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

No

than the amount of the purported consideration for the transfer."

The court finally concluded:

"Having determined that the conveyance of the subject property from defendant Henry L. McMahan to his wife, Jere Sewell McMahan, was not based upon a valuable consideration, and, if so, such consideration was grossly inadequate, and that at the time of such conveyance or as the result of same Henry L. McMahan was insolvent, the court concludes that such conveyance was fraudulent under the laws of the State of Georgia within the meaning of § 28–201 of the Georgia Code Annotated as amended and, as such, is hereby set aside as in fraud of the United States."

■ We consider first the taxpayer's contention that he was entitled to a jury trial on the issue of his being a responsible person who was obligated to pay over the withholding taxes. It would be difficult to deny the validity of his contention that such a right is guaranteed him under the Seventh Amendment [2] were it not for an earlier decision by this Court in *Gefen v. United States*, 400 F.2d 476 (5th Cir. 1968) and an opinion of the Court of Appeals of the Second Circuit upon which we based our *Gefen* decision, *Damsky v. Zavatt*, 289 F.2d 46 (2d Cir. 1961), there could be no dispute as to the binding effect on us of the *Gefen* decision, for appellant in his brief states:

"This Court, in a case factually similar to the present one, cited *Damsky* and denied a right to trial by jury exists where the Government seeks a personal judgment and to set aside a fraudulent conveyance to satisfy that judgment."

The taxpayer commented, however, that this Court noted a lack of enthusiasm for the *Damsky* principle where we said:

"And although the classification of pre-1791 standards [as to law versus equity] does not capture our unqualified enthusiasm, we follow *Damsky* until the Supreme Court frees us from its validated historical bondage."

■ Of course, until this Court in *Gefen* acknowledged itself to be bound by the "validated historical bondage" of *Damsky*, it was not so bound. Ironically, however, the same cannot now be said for the *Gefen* case has made the *Damsky* principle a law of this Circuit which must subsist unless set aside by en banc rehearing or by intervening Supreme Court decisions.

The taxpayer undertakes to point to one subsequent Supreme Court decision as justifying our departing from the *Gefen* decision. Although taxpayer speaks of the principles enunciated in *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) only *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) has been decided since this Court put its approval on the proposition that where the Government seeks a personal judgment and moves to set aside a fraudulent conveyance to satisfy that judgment in the same action, no jury trial is available to the defendants.

No logical basis exists for us to determine that *Ross v. Bernhard*, has altered in some way the test which this Court applied in *Gefen*. In *Gefen*, and in this case, the argument is that there should at least be a bifurcated trial which would permit the trial of the legal issue of liability of the alleged responsible officer before a jury and then a subsequent equitable proceeding to foreclose the Government's lien, if established by the jury trial. In *Ross*, the Supreme Court merely held that in a derivative action by a stockholder, the cause of action which formed the basis of the suit was a straight common law action by the corporation against defaulting officials and that that gave coloration to the entire action sufficient to entitle the defendants to a trial by jury on the issue of their liability, even though the derivative features of the litigation were equitable in nature.

2. "In suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII.

We conclude, therefore, that the law of this Circuit requires that we affirm the denial by the trial court of the motion to grant a jury trial to the taxpayer on the issue of his liability for the statutory penalty.

█ We have given careful consideration to the findings of fact of the trial court in light of the evidence touching on the conveyance by McMahan to his wife of their homeplace and we have no doubt but that there was sufficient evidence to support the trial court's findings sufficient to satisfy the requirements of the Georgia statutes.

The judgment is AFFIRMED.