**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry L. McMAHAN et al., Defendants-Appellants.**

**No. 75–3915.**

United States Court of Appeals, Fifth Circuit.

March 17, 1978.

Fred L. Somers, Jr., John W. Gibson, Atlanta, Ga., for defendants-appellants.

William L. Harper, U. S. Atty., Wm. D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., Scott P. Crampton, Asst. Atty. Gen., Crombie J. D. Garrett, William S. Estabrook, III, Tax Div., Gilbert Andrews, Act. Chief App. Sec., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BROWN, C. J., and TUTTLE, Senior Circuit Judge, and COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.*

TUTTLE, Senior Circuit Judge:

The court has taken this case for en banc reconsideration of a single issue concerning the right to a jury trial under the Seventh Amendment to the United States Constitution.[1] More precisely, the issue is whether the defendant in an action by the United States to enforce the provisions of 26 U.S.C. §§ 6671(b) and 6672[2] has the right to demand the convening of a jury to determine whether he is a "person" as defined in

---

* Judge Thornberry did not participate in the consideration of or decision in this case.

1. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." U.S.Const. amend. VII.

2. § 6671. Rules for application of assessable penalties.

  .  .  .  .  .

(b) Person defined.—The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to per-

form the act in respect of which the violation occurs.

§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax

 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

section 6671(b) and, if so, whether he violated the provisions of section 6672 even when the government in the same action also seeks equitable relief against him, his wife, and others to set aside conveyances and to foreclose its lien against property formerly owned by him and subsequently conveyed to others. *See United States v. McMahan*, 556 F.2d 362 (5th Cir. 1977).

The panel which previously heard this case was bound by the earlier case of *Gefen v. United States*, 400 F.2d 476 (5th Cir. 1965), which held that a jury trial was not required in an action in all respects similar to the one before us. *Gefen*, in turn, was decided on the basis of *Damsky v. Zavatt*, 289 F.2d 46 (2d Cir. 1961). In announcing our earlier decision in this case, we said that the principle established in *Damsky* and *Gefen* "must subsist unless set aside by an en banc rehearing or by intervening Supreme Court decisions." 556 F.2d at 365. In light of the Supreme Court's decision in *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), which postdated *Damsky* and *Gefen*, and, since this case involves the right to a jury trial of a fact issue in an action which the appellant contends is a "suit at common law" within the intendment of the Seventh Amendment, the court determined that en banc consideration was indeed appropriate.

There can be no question that the proceedings brought by the United States in this case seeking collection of the 100% penalty from McMahan as a responsible person who wilfully failed to pay over the tax of his principal is such a suit at common law. The United States in its brief relies upon the opinion of the Court of Appeals for the Second Circuit in *Damsky v. Zavatt*, *supra*, for the proposition that McMahan is not entitled to a jury trial. Nevertheless, the United States correctly points out that, in *Damsky*, the court held that a jury trial was required as to those claims against Damsky alone. It held only that, where the claim against Damsky was combined with a claim to set aside a fraudulent conveyance of real estate, the equitable nature of the relief sought over-balanced the legal claim

to such an extent that equity would prevail and the right to a jury trial would be swallowed up in the equitable proceedings. As to the proposition that the suit before us contains a purely legal claim, as distinguished from the equitable claim, the government concedes in footnote 4 of its original brief:

As the McMahans note (citing *Fitzgibbons v. United States*, 522 F.2d 1353 (C.A.5, 1975)), and as the District Court found (citing *Damsky v. Zavatt*, 289 F.2d 46, 49 (C.A.2, 1961), *Monday v. United States*, 421 F.2d 1210 (C.A.7, 1970), and *Gefen v. United States*, 400 F.2d 476 (C.A.5, 1968), cert. denied, 393 U.S. 1119 [89 S.Ct. 990, 22 L.Ed.2d 123] (1969)), ordinarily litigants in suits concerned solely with liability for federal taxes are entitled to a jury trial, where no equitable issues are raised.

The United States, quoting in part from the *Damsky* case, *supra*, also states:

The suit to establish a personal judgment against Bernard [Damsky] was similar to a suit at common law for debt for the collection of taxes, and, thus, *was a suit at common law within the Seventh Amendment of the Constitution of the United States* even though "as said in *Bull v. United States*, 1935, 295 U.S. 247, 260, 55 S.Ct. 695, 700, 79 L.Ed. 1421, an assessment of taxes 'has the force of . . . a judgment,'" since "actions on judgments likewise were in debt or, in some instances, contract." *Damsky v. Zavatt*, 289 F.2d at 52. [emphasis added]

The real basis for the decision in *Damsky* on the count for a personal judgment against Damsky on his joint liability with his wife, against whom the claim was only in equity, was its reading of *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), as holding that "the right of the party demanding a jury trial [must be] at least coordinate with that of the party seeking trial to a court." 289 F.2d at 56. It is now clear that this is not what the Supreme Court held in *Beacon*. Subsequent to the *Damsky* decision, the

Court decided *Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). There the Court said:

> The holding in *Beacon Theatres* was that where both legal and equitable issues are presented in a single case, "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." That holding, of course, applies whether the trial judge chooses to characterize the legal issues presented as "incidental" to equitable issues or not.

*Id.* at 472–73, 82 S.Ct. at 897, *quoting Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510–11, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (footnotes omitted). The Court quoted with approval from an opinion by this court in *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.,* 294 F.2d 486 (5th Cir. 1961):

> It is therefore immaterial that the case at bar contains a stronger basis for equitable relief than was present in *Beacon Theatres.* It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control. This is the teaching of *Beacon Theatres,* as we construe it.

369 U.S. at 473 n. 8, 82 S.Ct. at 897, *quoting* 294 F.2d at 491.

It seems quite clear that, if the *Dairy Queen* analysis of the earlier *Beacon Theatres* case had been available, the Court of Appeals for the Second Circuit would not have concluded in *Damsky* that the equitable nature of the foreclosure of the government's lien in that case swallowed up the party's right to a jury on the issue of liability for the penalty. Similarly, this court in the *Gefen* case would not have considered *Damsky* as denying the party his right to a jury trial in such an action.

A more careful rereading of the case of *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), also, it seems to us, frees us from what in *Gefen* we called the "validated historical bondage" of *Damsky.* 400 F.2d at 479. In the panel opinion in this case, we noted that in *Ross v. Bernhard,* a derivative action by a stockholder, the cause of action which formed the basis of the suit by the corporation against the defaulting officials would determine the shareholder's entitlement to a jury trial of his corporation's causes. The panel's discussion of *Ross v. Bernhard* treated the corporation's claim as being legal in nature. Careful analysis, however, shows that the corporation's claims themselves were both legal and equitable. The Supreme Court held that, since the corporation's claim was, at least in part, a legal one, it "would have been entitled to a jury's determination, at a minimum, of its damages against its broker under the brokerage contract and of its rights against its own directors because of their negligence." 396 U.S. at 542, 90 S.Ct. at 740. "Under these circumstances," the Court said, "it is unnecessary to decide whether the corporation's other claims are also properly triable to a jury." *Id.* at 542–43, 90 S.Ct. at 740.

Upon remand the trial court will provide for a jury trial of that part of the complaint that charges Mr. McMahan's liability for violating the quoted section of the code.

The judgment is REVERSED for further proceedings not inconsistent with this opinion.