**In the Matter of John Arte GRAHAM, Jr., Debtor.**

**Harry W. PETTIGREW, Trustee-in-Bankruptcy of the Estate of John Arte Graham, Jr., Plaintiff,**

v.

**John Arte GRAHAM, Jr. and Carolyn A. Graham, Defendants.**

**Bankruptcy No. 80–0568A.**

United States Bankruptcy Court, N. D. Georgia.

Nov. 4, 1981.

Harry W. Pettigrew, Atlanta, Ga., for plaintiff.

Wallace C. Clayton, Austell, Ga., for defendants.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

On February 7, 1980, John Arte Graham filed a petition under Chapter 7 of the Bankruptcy Code. On July 17, 1980, Harry W. Pettigrew the duly appointed trustee in bankruptcy filed this adversary proceeding complaint alleging a fraudulent transfer of real property, 11 U.S.C. § 544(b), by the debtor to his wife, Carolyn A. Graham.

The defendants John Graham and Carolyn Graham have filed a Motion to Dismiss and for Protective Order and for Temporary Restraining Order. The Motion for Protective Order and for Temporary Restraining Order have been denied. Along with her answer, Carolyn A. Graham counterclaimed for costs including attorney's fees. In the portion of the document denominated counterclaim Carolyn A. Graham asked the court for the following relief:

(a) That Plaintiff's complaint be dismissed with all costs cast upon Plaintiff.

(b) That Stanley Parker be ordered joined as a party plaintiff.

(c) That Plaintiff be required to post a bond in the sum of $25,000 to answer any judgment for damages she may receive against him.

(d) For trial by jury on all issues.

(e) For judgment for special, general and punitive damages.

(f) For judgment for costs of litigation including reasonable attorneys fees.

(g) That in the event Plaintiff's complaint is dismissed defendant's counterclaim be removed United States District Court or the Superior Court of the county wherein Plaintiff resides.

(h) For such other and further relief as the Court deems meet and just in the premises.

The case is before the court on the Plaintiff's Motion to Strike and to Dismiss and for Partial Summary Judgment, and the Defendants' Motion to Dismiss. (The Defendants have filed separate pleadings which are essentially the same and for purposes of this opinion will be treated together.)

## FINDINGS OF FACT

The real property conveyances in question were made from John Graham to his wife, Carolyn Graham. Two pieces of property are involved. On April 11, 1978, the debtor conveyed to his wife for "ten dollars and other valuable consideration" the Sweet Valley Drive residence purchased by the debtor in 1972 for $21,250.00. No other "valuable consideration" was stated. The Sweet Valley Drive residence is now being rented by the debtor's wife to a tenant. On April 12, 1978, the debtor conveyed to his wife for "ten dollars and other valuable consideration" the Gaydon Road residence purchased in 1976 for $36,500.00. The defendants presently live together in the Gaydon Road house. Both conveyances made by warranty deeds which were subsequently recorded in July 1978. Because the consideration for both houses was under one hundred dollars, no transfer taxes were paid on the conveyances.

Prior to these conveyances, the Georgia Employment Security Agency entered against the debtor two fi. fas. which total approximately five hundred dollars on the Cobb County General Execution Docket. Neither had been satisfied when the conveyances were made. Further, the debtor was in default on an agreement to purchase a garbage pick-up business from Stanley

Parker, a creditor listed in debtor's Chapter 7 petition. Mr. Parker filed suit to recover that deficiency in the State Court of Cobb County, Georgia on November 30, 1979, Case Number 79A–10122.

## CONCLUSIONS OF LAW

The portion of the Trustee's Motion that deals with the Defendants' defenses will be considered first. In each instance the Trustee asks that the defense be struck or dismissed. Motions to Strike are not favored. "In practice, what matters is not only whether the phrase is immaterial but whether its presence, if it be immaterial, is calculated to be harmful." Moore's Federal Practice ¶ 12.21. In a case, such as this, where the Defendant has counterclaimed against the trustee, individually, it might be argued that such action was instituted to intimidate the trustee. If intimidation was the motive, this counterclaim would be subject to a motion to strike. The trustee's objection to the defenses would be better dealt with by the Motion to Dismiss.

### I. *Subject Matter Jurisdiction*

■ The debtor's wife asserts that this court does not have subject matter jurisdiction over the Trustee's claim in this adversary proceeding. The jurisdiction of the United States Bankruptcy Court is virtually all pervasive. Pursuant to 28 U.S.C. § 1471 this court has jurisdiction over the issues presented in this adversary proceeding.

### II. *Jurisdiction over the Property*

■ As one of her defenses the debtor's wife argues that this court has no jurisdiction over the property transferred to her by her husband. The Trustee argues that this court has jurisdiction over the real property involved in the fraudulent conveyances pursuant to 28 U.S.C. § 1471(e). Section 1471(e) provides that "[t]he Bankruptcy Court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all the property, wherever located, of the debtor, as of the commencement of such case . . . ," Thus, this court has subject matter jurisdiction to determine whether alleged property is property of the estate in accordance with 11 U.S.C. § 544(b). While the conclusion that this court does have jurisdiction over the property might be reached using 28 U.S.C. § 1471(e) by viewing property fraudulently transferred as property preserved for the estate, there is another avenue to reach the same conclusion. Title 28 U.S.C. § 1471(b) and (c) confers on the Bankruptcy Court jurisdiction over "all civil proceedings arising under title 11 or arising in or related to cases under title 11." The cause of action in this case arises under 11 U.S.C. § 544(b). Therefore, this court has jurisdiction over the property in contest. 1 Norton Bankr.L. & Prac. § 5.06. Although the title to the property in question was in the name of the wife of the debtor by warranty deed at the time of the filing of the petition in bankruptcy, the allegation by the trustee of a fraudulent conveyance is sufficient to confer jurisdiction on this court over the trustee's alleged claim and the subject matter of such allegation by virtue of 28 U.S.C. § 1471(b) and (c). Thus, the filing of such adversary proceeding entitles the Plaintiff to his rights of deposition and other discovery of the wife and material witnesses to the subject transaction. Rules 26–37, Federal Rules of Civil Procedure.

### III. *In Personam Jurisdiction over Debtor's Wife*

■ The debtor's wife alleges that the court does not have in personam jurisdiction over her because she was only served by mail. This argument has no merit. Service by mail is proper under Bankruptcy Rule 704(c) which states:

(c) *Service by Mail.* Service of summons, complaint, . . . may also be made within the United States by first-class mail postage prepaid as follows:

. . . . .

(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision . . . ."

Bankruptcy Rule 704(c) is not inconsistent with the Bankruptcy Code and is, therefore

applicable in this adversary proceeding. Bankruptcy Reform Act, Title IV, § 405(d).

### IV. *Standing of Trustee*

■ The debtor's wife further contends that the Trustee does not have standing to bring this adversary proceeding. The Trustee, through 11 U.S.C. § 544(b), has the rights of actual unsecured creditors under applicable law to avoid certain transfers.[1] Section 544(b) states:

> The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of this title . . . .

The "applicable law" in this instance is Ga.Code Ann. § 28–201 entitled "Enumeration of void acts." This section provides in part:

> [T]he following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz:

> .    .    .    .    .

> 3. Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance.

The condition precedent to filing an action under Ga.Code Ann. § 28–201 is that only judgment creditors can void certain acts. Section 544(b) of the Bankruptcy Code provides the Trustee with the status of a hypothetical judgment creditor. Therefore, this condition precedent is satisfied.

### V. *Trustee Real Party in Interest*

■ The allegation of debtor's wife that the Trustee is not the real party in interest, and that Stanley Parker, a scheduled creditor, is the real party in interest and should be joined, is without merit. Rule 17(a) of the Federal Rules of Civil Procedure as applied to the Bankruptcy Courts through Bankruptcy Rule 717 states that "a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought." The trustee in a bankruptcy case acts for the benefit of the creditors of the estate. In this case Stanley Parker happens to be the creditor whose position the trustee assumes; the Trustee has the statutory power pursuant to 11 U.S.C. § 544(b) to bring this action.

### VI. *Trial by Jury*

As a part of her sixth defense, the Defendant demanded a trial by jury.

The right of a jury trial is governed by 28 U.S.C. § 1480 which provides that "(a) except as provided in subsection (b) of this section, this chapter and Title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979."

■ The debtor's wife has demanded that all issues that raise questions of fact in the plaintiff's complaint be tried before a jury. This adversary proceeding concerns the issue of whether a conveyance of real estate by the debtor was fraudulent. The action is one by a trustee to set aside a conveyance for fraud and to recover the property for the benefit of creditors. This action is one founded in equity. *Damsky v. Zavatt*, 289 F.2d 46 (2d Cir. 1961). There is no right to a jury trial under the Seventh Amendment in an equitable action to recover a fraudulent conveyance. *U. S. v. McMahan*, 569 F.2d 889 (5th Cir. 1978). 1 Norton Bankr.L. and Prac., Part 16, 16.02– 16.05. There was no statute in effect on September 30, 1979, which allows issues presented in this adversary proceeding to be tried by a jury. Once equity attaches, issues incidental to the proceeding are also tried to the court. *Williams v. Collier*, 32 F.Supp. 321 (E.D.Pa.1940). 5 *Moore's Federal Practice* ¶ 38.11[6] p. 123.

---

1. H.R.Rep.No.595, 95th Cong., 1st Sess. 370 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

## VII. *Pleading with Particularity*

 Debtor's wife, in her fourth defense, asserts that the plaintiff has failed to comply with the Federal Rules of Civil Procedure, Rule 9(b)—that fraud must be pleaded with particularity. The plaintiff's complaint, to set aside a fraudulent conveyance, fully informs defendant of the nature and character of the action and thus complies with Rule 9(b); made applicable by Bankruptcy Rule 709.[2] Plaintiff's complaint, if anything, was more particular than Official Form 13.

### DEFENDANT'S COUNTERCLAIM

The Trustee seeks to strike the defendant's counterclaims because the counterclaims are not against an "opposing party" as required by Rule 13 of the Federal Rules of Civil Procedure made applicable to adversary proceedings by Bankruptcy Rule 713. This adversary proceeding was instituted by the trustee as "trustee-in-bankruptcy of the Estate of John Arte Graham, Jr." The defendants' counterclaims are against the trustee in his individual capacity. Because the trustee is acting only as a fiduciary, the counterclaims will be struck. The general rule is that in an action brought in a representative capacity, the defendant cannot assert a counterclaim against the plaintiff in his individual capacity because it would not be a counterclaim against an opposing party. Wright & Miller, Federal Practice and Procedure: Civil § 1404.

Because the counterclaim will be stricken, it is not necessary for this court to consider the Trustee's motion to dismiss and motion for partial summary judgment as to the counterclaim.

On November 13, 1980, debtor's wife served on the plaintiff an Amendment to Motion to Dismiss. Shortly thereafter, the parties held a pre-trial conference with the court. At that conference, the court advised the defendant that the clerk's office would not file the amendment until a brief in support of that motion was filed as required by local rule 91.1 of the District Court which is also the rule of this Bankruptcy Court. The court gave the defendant two weeks to file the brief. No supporting brief has been filed pursuant to the court's instructions. The proposed amendment to the Motion to Dismiss will be denied.

The motions and claims of defendants' are DENIED and a separate order pursuant to Bankruptcy Rule 921(a) will be entered pursuant to these findings.

---

**2.** The extent of the particularity requirement is stated best in *Wright & Miller, Federal Practice and Procedure*: 5 Civil § 1298: "The proper balance between the simplicity sought in Rule 8 and the particularity required by Rule 9 is demonstrated by the illustrative fraud claim set out in Official Form 13, which is expressly declared to be a sufficient pleading Rule 84. According to the Form, it is proper merely to allege that plaintiff seeks to have a conveyance set aside on the ground that 'Defendant C. D. on or about ... conveyed all his property, real and personal to Defendant E. F. for the purpose of defrauding plaintiff and hindering and delaying the collection of the indebtedness evidenced by the note above referred to.'" *Wright & Miller*, § 1298, p. 408.