In re Antonio CASALE, a/k/a J. Anthony Casale, Debtor.

Dorothy EISENBERG, Trustee, Estate of Antonio Casale, Debtor, Plaintiff,

v.

Antonio CASALE, a/k/a Anthony Casale, a/k/a J. Anthony Casale, Bonaventure Construction Corp., John Casale and Carl P. Maltese, Defendants.

Bankruptcy No. 881–80660.
Adv. No. 084–0075.

United States Bankruptcy Court, E.D. New York.

July 8, 1986.

Shaw, Goldman, Licitra, Levine & Weinberg, Garden City, N.Y. by Karen Carter Caso and Sarah Keenan, for plaintiff-trustee.

Macco, Hackeling & O'Shea, Melville, N.Y. by Michael Macco, for defendant-debtor.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

The trustee of the estate of Antonio Casale, the plaintiff herein, is moving to dis-

miss a counterclaim interposed by the debtor-defendant, Antonio Casale. She seeks such relief on the ground that the counterclaim, which asks damages against her personally, cannot be asserted in a proceeding brought by her in her representative capacity. She contends that the counterclaims are "improperly interposed and seek relief unavailable in this action". Paragraph 5(a) of Trustee's Application in Support of Motion to Dismiss Counterclaims, 1/20/86.

The trustee's complaint seeks the turnover of certain property to the estate. The trustee brings this lawsuit in her representative capacity as trustee of the Estate of Antonio Casale. The counterclaim seeks to hold her personally liable in the sum of $200,000.00 for allegedly tortious conduct engaged in as trustee. She is claimed to have failed to act diligently in selling personal property allegedly turned over to her in June, 1983 by the debtor's father and to have falsely represented to the debtor, that if the property were turned over to her, it would be sufficient to pay all his debts in full.

The trustee has entered a general denial to the allegations of the counterclaim. In her moving papers she explains that the property, which forms the subject matter of the counterclaim, was turned over to her in settlement of a lawsuit unrelated to the present controversy.

Whatever the merits of the underlying counterclaim on which this Court expresses no opinion, they cannot be asserted here. She cannot be held personally responsible for negligence and false representations in this proceeding. It is fundamental that in an action brought by a party in a representative capacity, a counterclaim cannot be asserted against the plaintiff in his individual capacity. 3 *Moore's* Federal Practice § 13.06[1] (2d ed. 1984) (and cases cited therein). *See also, Pioche Mines Consol. Inc. v. Fidelity-Philadelphia Trust Co.,* 206 F.2d 336 (9th Cir.), *cert. denied,* 346 U.S. 899, 74 S.Ct. 225, 98 L.Ed. 400 (1953); *Chambers v. Cameron,* 29 F.Supp. 742 (N.D.Ill.1939).

Directly on point is *In re Graham,* 16 B.R. 606, 611 (Bankr.N.D.Ga.1981). In that case, a bankruptcy action commenced by the trustee against the debtor and his wife alleging a fraudulent transfer of real property, a counterclaim asserted against the trustee as an individual was dismissed because not a counterclaim against an opposing party, as required by F.R.C.P. 13, made applicable to adversary proceedings by Bankruptcy Rule 7013.

Since the trustee was acting as the representative of the estate when she instituted this turnover proceeding, the counterclaim against her seeking $200,000.00 in damages is improper and should, therefore, be dismissed.

An Order consistent with this Opinion is being issued contemporaneously.