PEARSON, Judge.
The appellants, as trustees under a deed of trust, sued L. G. Ball and Clifford H. Ball, who are residents of Dade County, Florida, to recover upon an alleged guarantee of payment of a defaulted promissory note. Clifford H. Ball, as next friend and father of Clifford Ball and Freddie Ball, minors, filed a petition in the cause setting forth that the minors are the beneficiaries of the deed of trust and praying for the right of his minor sons to intervene as party defendants in the cause. He also prayed for the appointment of guardian ad litem, and for leave of the guardian to file on behalf of the minors a counterclaim against the plaintiffs. On this petition the trial court granted the leave to intervene; appointed a guardian ad litem; designated the minors as co-party defendants, and granted them the leave to file such counterclaim as the guardian ad litem might find necessary to protect the interest of the minors in the subject matter. No appeal was taken from this order.
Walter F. Novak, as guardian ad litem, filed a counterclaim in which he alleged that the loan, the guarantee of which, was the subject of the initial suit, was unauthorized, reckless and in wanton disregard of the rights of the minors, beneficiaries under the trust and, further, that the loan was in the violation of the statutory law of Pennsylvania, the situs of the trust. In the counterclaim, the minors claimed damages against the trustees in the sum of $165,-000.00 for the alleged breach of trust. In addition, the minors claimed the following relief:
“B. Deny to the said counter-defendants their compensation for the current year and deny to said counter-defendants any rights which they may claim to reimbursement of their costs and counsel fees in connection with this cause.
“C. Enter judgment against counter-defendants individually, or alternatively as co-trustees, and in favor of counter-claimant for costs, a reasonable Guardian *284 Ad Litem’s fee, and a reasonable attorneys fee for counsel for the Guardian Ad Litem herein.
“D. Enter judgment for punitive damages against counter-defendants, individually and as co-trustees in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars.
“E. Enter an order removing counter-defendants as co-trustees under deed of trust of L. G. BALL, dated 18 December, 1943.”
The plaintiffs, counterdefendants, moved to dismiss the counterclaim upon the ground that service upon their attorney in Florida was not sufficient and that no personal service had been had upon the coun-terdefendants. The trial court denied the motion to dismiss.
The appellants present a single point on appeal as follows:
“WHETHER A COURT OBTAINS JURISDICTION OVER THE PERSON OF ORIGINAL PLAINTIFFS WHO SUE IN THEIR REPRESENTATIVE CAPACITY AS TRUSTEES UPON A COUNTER CLAIM BROUGHT AGAINST THEM IN THEIR INDIVIDUAL CAPACITY, BY AN INTERVENING DEFENDANT WHO WAS NOT SUED BY THE ORIGINAL PLAINTIFFS, AND WHO DOES NOT OBTAIN SERVICE OF PROCESS AGAINST THEM.”
Appellant, in effect, takes two positions; first, that an intervenor may not file a counterclaim, and second, that if a counterclaim is permitted under the Florida practice. then the scope of the counterclaim is limited to an action against the plaintiffs-appellants in their capacity as trustees and that the instant cross-claim may not be maintained against the appellants individually. We hold that the appellants are incorrect in their contention that an inter-venor under Rule 1.230, Florida Rules of Civil Procedure, 30 F.S.A., may not file a counterclaim. Upon the other hand, we hold that under the circumstances of this case, the counterclaim is limited to an action against the plaintiffs in the capacity in which they brought the suit. Therefore, the trustees may not be sued by counterclaim in this action upon their alleged individual responsibility.
Rule 1.230, Florida Rules of Civil Procedure, providing for intervention in civil actions, is as follows:
“Interventions. Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.”
This rule does not limit the right of a trial court to permit intervention except by the provision that the intervention shall be in subordination to and in recognition of the propriety of the main proceeding, “unless otherwise ordered by the court in its discretion.” It is apparent that in the present case the trial court was advised of the nature of the counterclaim when it permitted the petition to intervene and that its order permitting intervention must be interpreted as an exercise of the discretion of the trial court to permit the filing of the claim set forth in the counterclaim. The appellant has not challenged the right of the court to exercise this discretion, nor has he appealed the order by which the intervention was granted.
It is true that there are cases holding that an intervenor may not file a counterclaim. See Coffin v. Talbot, 110 Fla. 131, 148 So. 184 (1933); Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192 (1933). It appears, however, that all of these cases were decided prior to the adoption of the present Rule 1.170, Florida Rules of Civil Procedure, which provides for counterclaims and crossclaims. This rule was adopted from the Federal Rules of Civil Procedure, Rule 13. The cases decided in the federal courts, under the rule, have in *285 the vast majority of instances, approved an interpretation of the rule which allows the filing of a counterclaim by an intervenor. Stewart-Warner Corp. v. Westinghouse Elec. Corp., C.A.2d, 1963, 325 F.2d 822, cases collected in 2 Barron & Holtzoff, Federal Practice and Procedure, § 603.1, p. 408 note 7.2.
Upon the question of the propriety of the counterclaim filed, we note that the principle relief sought seems to be a personal judgment against the trustees. It is elemental that such a judgment may not be entered in the absence of personal service and an opportunity to be heard. The fact that the appellants have submitted themselves as trustees to the jurisdiction of the Florida courts does not amount to a submission of themselves to the jurisdiction of the court for the purpose of adjudicating claims against them personally. See Pioche Mines Consol., Inc. v. Fidelity-Philadelphia Trust Co., C.A.9th, 1953, 206 F.2d 336, cert. den. 346 U.S. 899, 74 S.Ct. 225, 98 L.Ed. 400; Stevenson v. Reed, D.C.Mun.App.1953, 96 A.2d 268, 269.
This view is substantiated by the language of Rule 1.170(b) F.R.C.P., which reads as follows:
“(b) Permissive Counterclaim. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party’s claim.”
The fact that the rule recites that a counterclaim may be made only “against any opposing party” is, we think, determinative. There can be no doubt that the counterde-fendants in their personal capacity are not in fact opposing parties. See 1A Barron & Holtzoff, Federal Practice and Procedure, § 398, see also reasoning in Scott v. United States, 173 Ct.Cl. 650, 354 F.2d 292, 300 (1965).
We therefore hold that insofar as the counterclaim sought relief against the appellants in their capacity as trustees, it is an allowable counterclaim, but that insofar as it sought relief against the appellants in their personal capacity, it is not a proper counterclaim under the Florida Rules of Civil Procedure.
The order appealed is reversed and remanded with directions to enter an order dismissing the counterclaim with leave to amend the same and for further proceedings in accordance with the views set out herein.
Reversed and remanded.