MANN, Judge.
Clara B. Hall, as guardian, brought this action against the administrator of the estate of C. A. Rudisill to impress a trust on certain shares of Tampa Electric Company stock which Mrs. Hall claims that Rudisill, in a letter to her, had told her would constitute a trust fund for the education of her ward. The administrator filed a counterclaim against Clara B. Hall individually in which it is alleged that funds Rudisill deposited in a Swiss bank were wrongfully withdrawn after his death by Mrs. Hall pursuant to a power of attorney which Mrs. Hall claims was valid under Swiss law.
We resist the temptation to explore the intricacies of the conflict of laws on this interlocutory appeal. It suffices to say that Clara B. Hall individually is not an “opposing party” within the meaning of F.R.C.P. 1.170, 30 F.S.A. Nor is she made a party by failing to join the ward as a party plaintiff as Florida Statutes § 744.61 (1967), F.S.A. requires. The pleadings indicate clearly that Mrs. Hall claims nothing in her own right and sues only as guardian. This she may do because the law regards her as a separate legal person while acting in this capacity. The counterclaim against Mrs. Hall individually should have been dismissed. Fidelity-Philadelphia Trust Co. v. Ball, 208 So.2d 282 (Fla.App.1968).
Reversed and remanded.
LILES, C. J., and ALLEN, J., concur.