PER CURIAM.
The appellant, Wyatt Johnson, seeks review of an order which denied his motion to dismiss counts 5 and 6 of an amended counterclaim brought by appellee Mercy Hospital, Inc. Mercy Hospital as cross-appellant appeals the portion of the same order which dismissed counts 1, 2, 3 and 4 of the amended counterclaim. The interlocutory appeal is brought under authority of FAR 4.2 upon the basis that the court determined a matter of jurisdiction over the plaintiff and counter-defendant Wyatt Johnson when it held that counts 5 and 6 of the amended counterclaim could be brought in this action because these counts seek to assert a counterclaim against one who is an opposing party within the meaning of RCP 1.170(b).
*404 Wyatt Johnson, an attorney at law, sued Mercy Hospital seeking a judgment for fees claimed due him. Mercy Hospital counterclaimed in six separate counts claiming that Johnson had misrepresented factual matters concerning the handling of the legal work and, thereby, had defrauded the Hospital out of substantial sums of money. The parties agree that in the beginning of the representation, Mr. Johnson represented the Hospital as a member of the law firm of Hoffman, Kemper & Johnson, and that after dissolution of the law firm, he continued the representation in his individual capacity. Johnson instituted the suit for fees in his individual capacity. He urged in the trial court by motions to dismiss the counterclaims that any liability that he might have for the matters therein set out arose out of his partnership activity and that, therefore, he could not be sued in the representative or derivative capacity of a partner in an action that he had brought in his individual capacity. He relies upon the holding in Fidelity-Philadelphia Trust Company v. Ball, Fla.App.1968, 208 So.2d 282; and Hall v. McDonough, Fla.App.1968, 216 So.2d 84,[1] for the proposition that a party who sues in an individual capacity may not be counterclaimed against in a representative capacity. In Fidelity-Philadelphia Trust Company v. Ball, supra, this court held that where non-resident trustees brought an action in Florida, these same trustees could not be counterclaimed against in their individual capacity in the same suit. In Hall v. McDonough, supra, the District Court of Appeal, Second District, held that where a plaintiff in her representative capacity as a guardian brought suit against the defendant, a counterclaim by the defendant against her individually would not lie.
We have reviewed the record in the light of the assignments of error and the cross-assignments of error and we think it is clear that all of the counterclaims are brought against Wyatt Johnson individually. The fact that other partners may be liable for some of the claims made against Attorney Johnson does not convert that claim to an action in a representative capacity. For the purpose of this appeal, we need not determine whether an action against a partner for debts due as a member of the partnership is an individual or representative action. It affirmatively appears from the pleadings that the claims are for alleged fraud, conversion, misrepresentation and for money had and received as a consequence thereof. Section 620.62,[2] Florida Statutes, provides that where a partner acting in the ordinary course of business converts or misapplies funds, the owner of the funds may sue the partners or sue the particular partner so acting or omitting to act. Thus, the partner who allegedly committed the wrongful acts may be liable individually.
We, therefore, affirm that portion of the trial court’s order which denied the defendant’s motion to dismiss as to counts 5 and 6 of the counterclaim and reverse that portion of the order which dismisses 1, 2, 3 and 4 of the amended counterclaim, and we remand the cause with directions to proceed in accordance with the views herein stated. Reversed and remanded.

. A second appearance of the same cause is reported at 241 So.2d 201.

. “620.62 Partnership bound by partners’ wrongful act. — When loss or injury is caused to a person, not a partner in the partnership, or any penalty is incurred by a wrongful act or omission of a partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, the partnership is liable for it to the same extent as the partner so acting or omitting to act.”