RAMIREZ, J.
Nationwide Terminals, Inc., a Florida corporation, appeals the dismissal of its counterclaim against MC Construction Group, Inc., who was suing for the use and benefit of National Union Fire Insurance *706 Company of Pittsburgh, PA, as assignee. Because Nationwide Terminals cannot file a counterclaim against the plaintiff here in its individual capacity when the plaintiff is pursuing the original claim solely in a representative capacity, we affirm the trial court.
MC Construction, the general contractor, filed an action for breach of contract and foreclosure of a construction hen against Nationwide Terminals, the owner, on a project called Nationwide Terminals Office Warehouse Facility. MC Construction sought to recover outstanding sums due for labor, services and materials furnished pursuant to a contract with Nationwide Terminals. Prior to suing Nationwide Terminals, MC Construction entered into an Agreement of Indemnity with National Union Fire Insurance Company of Pittsburgh, PA. Pursuant to this agreement, MC Construction assigned and transferred all of its rights to collect amounts due on any and all contracts of MC Construction, including the contract between MC Construction and Nationwide Terminals. After filing the original action, MC Construction filed an action for the benefit of creditors under chapter 727, Florida Statutes, styled “In Re: Assignment for the Benefit of Creditors of MC Construction Group, Inc., Assignor to Michael Phelan, Assignee,” case no. 02-04159 CA 32, in the Eleventh Judicial Circuit, Miami-Dade County, Florida. In that action, National Union filed a motion to compel the assignment of all of MC Construction’s contract rights to itself. The trial court granted the motion.
Nationwide Terminals thereafter filed its Motion to Determine Real Party in Interest because the original lawsuit was filed in the name of MC Construction. The trial court granted Nationwide Terminals’ motion, finding that National Union, as assignee of MC Construction, was the real party plaintiff. National Union was required to amend the Complaint. National Union then filed, for the use and benefit of MC Construction, its amendment of the complaint by interlineation. In response to the Amended Complaint, Nationwide Terminals asserted its Counterclaim against National Union in its individual capacity as surety for breach of contract, based on the terms of the payment and performance bonds issued on the project.
National Union responded by filing a Motion to Dismiss and/or Strike Defendant, Nationwide Terminals, Inc.’s Counterclaim. The trial court granted the motion on the basis that Nationwide Terminals is not permitted to file a counterclaim against National Union in its individual capacity as surety when National Union is maintaining the suit as plaintiff solely in its capacity as assignee of the original plaintiff, MC Construction. We agree, rejecting Nationwide Terminals argument that because the surety, National Union, became the plaintiff as the real party in interest in its capacity as assign-ee of the original plaintiff, MC Construction, National Union also took on the role of plaintiff in its capacity as surety.
A plaintiff who brings or maintains an action solely in its capacity as the representative of another is not an “opposing party” against whom a counterclaim might be filed. Hall v. McDonough, 216 So.2d 84, 85 (Fla. 2d DCA 1968). A counterclaim cannot properly be brought or maintained against that plaintiff in its individual capacity. Id. Accord, Fidelity-Philadelphia Trust Co. v. Ball, 208 So.2d 282 (Fla. 3d DCA 1968). Moreover, Florida Rule of Civil Procedure 1.170 states that a counterclaim may only be brought against an “opposing party.” Here, National Union is the plaintiff in the underlying case only because it is the assignee of the original *707 plaintiff, MC Construction. National Union is not bringing the action in its individual capacity as the surety. Consequently, the trial court was correct in granting National Union’s motion to dismiss Nationwide Terminals’ counterclaim.[1]
Affirmed.

. We further note that in 2002, Nationwide Terminals filed a third-parly complaint against National Union, in its capacity as surety, for breach of the performance and payment bonds. Consequently, the trial court’s orders denying the motion for rehearing and granting National Union's motion to dismiss the counterclaim in no way prejudices Nationwide Terminals.