SHEPHERD, J.,
dissenting.
I respectfully dissent.
On June 25, 2005, Joyce Sklaire initiated suit against Michelle Jacobson and Aline Sklaire, as successor co-trustees of the Jacob C. Sklaire Trust, to enforce her right to payment of a $475,000 specific devise from the trust. Process was served on the co-trustees, in their representative capacity, through their attorney. Ultimately, judgment was entered in favor of Joyce Sklaire, followed by an award of attorney’s fees and costs. Unable to satisfy the full award of attorney’s fees and costs from the funds remaining in the trust, Joyce Sklaire filed her Motion to Determine Individual Liability of Co-Trustees for Court Ordered Fees and Motion to Impose Personal Liability for Tortious Conduct. The trial court granted the motion, finding a breach of fiduciary duty, and entered an order holding Michelle Jacobson and Aline Sklaire jointly and severally liable for the attorney’s fees and costs.
Michelle Jacobson and Aline Sklaire, in their personal capacity, contest the jurisdiction of the trial court to enter the order *231 under review because they were not personally served. I find their point well-taken. In Fidelity-Philadelphia Trust Co. v. Ball, 208 So.2d 282, 285 (Fla. 3d DCA 1968), we stated:
It is elemental that [a personal judgment against the trustees] may not be entered in the absence of personal service and an opportunity to be heard. The fact that the appellants] have submitted themselves as trustees to the jurisdiction of the Florida courts does not amount to a submission of themselves to the jurisdiction of the court for the purpose of adjudicating claims against them personally.
Unlike the concurrence, I find the facts of Fidelity-Philadelphia Trust Co. to be indistinguishable from the facts of the case before us. Both are actions for breach of trust. In Fidelity-Philadelphia Trust Co., a guardian ad litem alleged the co-trustees of a trust breached their obligations to certain minor beneficiaries of the trust by engaging in a loan transaction, which was “unauthorized, reckless and in wanton disregard of the rights of the minors,” causing a loss to the children in the sum of $165,000. Id. at 283. The guardian additionally prayed for a judgment against the trustees individually - for attorney’s fees, costs, and punitive damages. The case before us arises out of an order imposing individual liability on the co-trustees of a trust for breach of trust by paying the fees of trust counsel without required court approval to the detriment of recovery by the beneficiary of her own legal fees and costs incurred while litigating (successfully) against the same counsel. The principle enunciated by this Court in Fidelity-Philadelphia Trust Co. is as applicable to the case before us as it was there.
The concurrence also asserts our decision in Visoly v. Security Pacific Credit Corp., 768 So.2d 482 (Fla. 3d DCA 2000), requires a contrary result. The concurrence is incorrect. Visoly is a sanction case arising out of a mortgage foreclosure. Despite the fact the Visolys filed a counterclaim in the foreclosure action, they urged — in a sixth appeal before this Court — they were not “named parties” in the action and the trial court therefore lacked jurisdiction over them for the purpose of awarding sanctions against them under section 57.105 of the Florida Statutes (1999). We, of course, found no merit to the claim, affirmed the sanction order, and added an award of appellate attorney’s fees against the Visolys and their counsel for good measure. Id. at 489. Visoly is of no assistance to the concurrence.
The only other authority cited by the concurrence is section 736.1004(2) of the Florida Trust Code. It reads as follows:
(2) When awarding taxable costs under this section, including attorney fees and guardian ad litem fees, the court, in its discretion, may direct payment from a party’s interest, if any, in the trust or enter a judgment that may be satisfied from other property of the party, or both.
Carefully considered, this provision provides the concurrence no assistance in answering the question raised by this dissent: whether a trustee brought into a case in her individual capacity must be served with process.
Fidelity-Philadelphia Trust Co. makes it unmistakably clear a trial court is without jurisdiction to enter a personal judgment against an individual sued in her capacity as a co-trustee absent either consent or personal service upon the individual. We should follow our precedent.
I would reverse the order on appeal.