CORTINAS, J.
In 1991, Simon Davidson (“Decedent”) died testate in Spain, and was survived by his son, Allan Davidson (“Allan”), and his brother, Stanley Davidson (“Stanley”). Luis M. Juega (“Juega”), a Spanish citizen and a resident of Marbella, Spain, was appointed by the Spanish court to serve as administrator of the Decedent’s estate.
Juega asserts that, at the time of his death, Decedent was the director of Nozo-mi Finance International Limited, a foreign corporation (“Nozomi Corporation”), and that following his death, Juega became the director of Nozomi Corporation, because it was an asset of the estate. In 1994, Nozomi Corporation filed suit in Miami-Dade County against appellees, Stanley individually, and as trustee of the Stanley S. Davidson Trust, seeking repayment of a note and mortgage foreclosure based upon a five million dollar loan made by Nozomi Corporation to Stanley before the Decedent’s passing. The loan was allegedly secured by a mortgage on property owned by Stanley in Miami-Dade County.[1] In 1995, Juega, as administrator of the Decedent’s estate, joined Nozomi Corporation’s suit, asserting claims for conversion and civil theft on behalf of the estate.
The Spanish court eventually found Allan to be the Decedent’s sole heir, and in 2003, entered an order closing the estate. In conjunction with the closing of the estate, Juega was discharged from his duties as administrator. Following his discharge, Juega filed a fourth amended complaint in the Nozomi Corporation litigation. Stanley moved to dismiss the fourth amended *577 complaint on multiple bases, the most pertinent of which was that Juega lacked standing to pursue the litigation after the Spanish court had closed the estate. Ap-pellees, in turn, argued that the real party in interest was Allan since he was Decedent’s sole heir and, as such, inherited the Decedent’s interest in the underlying lawsuit. In opposition to the motion to dismiss, Allan filed an affidavit in support of Juega’s standing, which stated, in part, that Allan had ratified every action taken by Juega and that Juega was “acting as [Allan’s] agent in prosecuting this action on [Allan’s] behalf.” The trial court, accepting the argument that Juega lacked standing under Rule 1.210(a) after his discharge as estate’s administrator, dismissed Juega from the lawsuit. Juega appealed and this Court reversed the trial court’s order of dismissal in Juega ex rel. Estate of Davidson v. Davidson, 8 So.3d 488 (Fla. 3d DCA 2009). We held that Juega, in his capacity as Allan’s authorized agent, had standing to proceed as a plaintiff in the action. Id. at 490.
Thereafter, appellees filed a verified amended counterclaim, which contained two counts against Juega in his individual capacity for civil conspiracy and conversion. Juega moved to dismiss the counts against him in his individual capacity for lack of personal jurisdiction. In support of his motion to dismiss, Juega filed an affidavit attesting, in pertinent part, that 1) he had resided in Spain since 1959; 2) he had never owned property in Florida; 3) at all times material to the allegations in the counterclaim, he had never personally operated, conducted, engaged in, or carried on any business in Florida; and 4) the only contact or dealings Juega ever had with Stanley in Florida were in Juega’s capacity as representative of the Decedent’s estate or as director of Nozomi Corporation. Stanley filed a memorandum in opposition to Juega’s motion to dismiss, although he did not explicitly contest the facts set forth in Juega’s affidavit. Stanley also argued that section 734.201(3), Florida Statutes, part of Florida’s Probate Code, conferred personal jurisdiction upon Juega. The trial court denied the motion to dismiss and this appeal followed. We reverse.
We review the trial court’s denial of the motion to dismiss for lack of personal jurisdiction de novo. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002).
We first note that procedurally, Juega, in his individual capacity, could not have been named a defendant in the amended counterclaim. There is no dispute that Juega’s participation in the underlying case was in his capacity as the administrator of the Decedent’s estate, and later as agent of Allan, as well as in his capacity as the director of Nozomi Corporation. Juega, individually, was never a named party. As we have previously held,
A plaintiff who brings or maintains an action solely in its capacity as the representative of another is not an “opposing party” against whom a counterclaim might be filed. Hall v. McDonough, 216 So.2d 84, 85 (Fla. 2d DCA 1968). A counterclaim cannot properly be brought or maintained against that plaintiff in its individual capacity. Id. Accord, Fidelity-Philadelphia Trust Co. v. Ball, 208 So.2d 282 (Fla. 3d DCA 1968). Moreover, Florida Rule of Civil Procedure 1.170 states that a counterclaim may only be brought against an “opposing party.”
Nationwide Terminals, Inc. v. MC Constr. Grp., Inc., 964 So.2d 705, 706 (Fla. 3d DCA 2007). Because Juega had not appeared in the underlying lawsuit in his individual capacity, he could not be named, in his individual capacity, as a Defendant in the appellees’ amended counterclaim. This basis alone merits reversal.
*578 Juega further argues that despite the foregoing procedural infirmity, the trial court erred by not dismissing him as a named defendant in the amended counterclaim for lack of personal jurisdiction. While Juega argues the lack of sufficient jurisdictional facts on appeal, the appellees wholly ignore this and focus solely on section 734.201(3) to support their argument of personal jurisdiction over Juega. Section 734.201(3) provides in pertinent part:
Jurisdiction by act of foreign personal representative. — A foreign personal representative submits personally to the jurisdiction of the courts of this state in any proceeding concerning the estate by:
[[Image here]]
(3) Doing any act as personal representative in this state that would have given the state jurisdiction over that person as an individual.
§ 734.201(3), Fla. Stat.
The parties correctly note that there is no case law addressing whether this statute confers jurisdiction upon a defendant such as Juega under the facts of a case such as this. Juega correctly argues that the Probate Code is, in this case, inapplicable. As the Florida Supreme Court has stated, “[t]he Florida Probate Code constitutes a unified statutory scheme intended to govern all probate matters— section 731.102, Florida Statutes (2007), expressly states that the probate code ⅛ intended as unified coverage of its subject matter.’ ” Hill v. Davis, 70 So.3d 572 (quoting § 731.102, Fla. Stat. (2007)) (emphasis added). There is simply no basis for the appellees’ assertion that by virtue of participating in a civil action in capacities other than as an individual, Juega submitted to the jurisdiction of the court under the Probate Code. See also Crescenze v. Bothe, 4 So.3d 31, 33 (Fla. 2d DCA 2009) (addressing a different section of the Probate Code but finding that “[i]t is clear from the language of the statute and its place in Chapter 733 of the Probate Code that section 733.710(1) applies exclusively to claims against an estate in a probate proceeding and has no application in a civil action to terminate a trust.”) (emphasis added). Here, there was no ancillary estate opened in Florida,[2] nor was Juega ever appointed a “personal representative” by the circuit court.[3]
Moreover, the requirements of personal jurisdiction over Juega under Florida’s Long Arm Statute are not met. See § 48.193, Fla. Stat. Juega correctly argues, and the appellees do not dispute, *579 that the requirements of the Long Arm Statute and Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), were simply not satisfied or properly pled.
Accordingly, we reverse the trial court’s denial of Juega’s motion to dismiss the two counts against him in his individual capacity for lack of personal jurisdiction.
Reversed and remanded.

. Stanley argues that the note has been satisfied. Nozomi Corporation disputes the satisfaction of the note.

. There is no dispute that the Decedent's estate was administered and closed in Spain. At no point did Juega open an ancillary estate in Florida nor was he "appointed by the [circuit] court." To the contrary, as asserted by the appellees in their opposition to the motion to dismiss:
The second action by which [Juega] personally submitted himself in his personal capacity to the personum jurisdiction of this [cjourt is the result of his inaction, namely his failure to obtain ancillary letters of administration or to file duly certified and apostilled copies of his letters of administration ("credentials") which any foreign representative of any country or state within the United States must present in order to gain standing as a personal representative to pursue any claim in the Florida court.

. The Probate Code defines "foreign personal representative” as "a personal representative of another state or a foreign country.” § 731.201(17), Fla. Stat. The code further defines "personal representative” as "the fiduciary appointed by the court to administer the estate and refers to what has been known as an administrator, administrator cum tes-tamento annexo, administrator de bonis non, ancillary administrator, ancillary executor, or executor.” § 731.201(28), Fla. Stat. Furthermore, "court” is defined in the statute as "the circuit court.” § 731.201(7), Florida Statutes.