# Third District Court of Appeal

## State of Florida

Opinion filed January 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-205, 3D21-272 & 3D21-320
Lower Tribunal Nos. 13-2270 SP, 12-11287 SP,
20-243 AP, 14-10161 SP & 20-274 AP

_____


**United Automobile Insurance Company,**
Appellant,

vs.

**Millennium Radiology, LLC, d/b/a Millennium Open MRI, etc.,**
Appellee.


Appeals from the County Court for Miami-Dade County, Chiaka Ihekwaba and Ayana Harris, Judges.

Michael J. Neimand, for appellant.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); Marks & Fleischer, P.A. (Fort Lauderdale), for appellee.


Before SCALES, MILLER and BOKOR, JJ.

SCALES, J.

In these consolidated appeals, appellant and defendant below, insurer United Automobile Insurance Company, challenges final summary judgments entered in favor of appellee and plaintiff below, medical provider Millennium Radiology, LLC. Specifically, in each of these personal injury protection ("PIP") insurance cases, the trial court applied offensive collateral estoppel[1] to preclude United Auto from challenging the reasonableness of the cost of MRI procedures that Millennium performed on United Auto's insureds. We are compelled to reverse the judgments because each of Millennium's PIP claims are premised on assignments Millennium received from different insureds of United Auto; therefore, the claims are not between identical parties, an essential element of collateral estoppel.

## I. Relevant Background

### A. The Monegro and Nix Cases

Two United Auto insureds, Renzo Monegro and Ronnica Nix, were injured in automobile accidents (in 2009 and 2010, respectively) and

---

[1] Collateral estopped is normally raised by a defendant as an affirmative defense. Bess v. Eagle Capital, Inc., 704 So. 2d 621, 622 (Fla. 4th DCA 1997). In the instant cases, though, a plaintiff (Millennium) has raised collateral estoppel to preclude a defendant (United Auto) from relitigating an issue, which is an example of "offensive" collateral estoppel. See Gov't Emps. Ins. Co. v. Kisha, 163 So. 3d 1266, 1268 (Fla. 5th DCA 2015).

received MRIs from Millennium.[2] In both cases, after the insureds assigned their PIP benefits to Millennium, Millennium submitted invoices to United Auto in the amounts of $2,150. United Auto contended that Millennium's charges for these services were unreasonable and that, pursuant to section 627.736(1)(a) of the Florida Statutes,[3] United Auto was required to pay only defined "reasonable expenses" – while pursuant to section 627.736(5)(a)1., Millennium was limited to charging "only a reasonable amount" – associated with Monegro and Nix's medical care. Millennium sued United Auto in the county court for Miami-Dade County as assignee for Monegro (case number 12-14672-SP-23) and as assignee for Nix (case number 12-20434-SP-23). Both cases went to trial. In 2019, juries in both cases found Millennium's $2,150 MRI fee to be reasonable. Both trial courts entered final judgment for Millennium.

B. The Barretti, II Case (3D21-272)

United Auto's insured, Robert Barretti, II, had an automobile accident on May 5, 2009. He received an MRI from Millennium on June 12, 2009.

---

[2] Renzo Monegro received a cervical MRI (CPT Code 72141) and Ronnica Nix received a lumbar MRI (CPT Code 72148). Millennium charged $2,150 for both types of MRI.

[3] The parties stipulated that the 2009 version of the PIP statute is applicable to these cases. See § 627.736(1)(a), (5)(a)1., Fla. Stat. (2009).

Under CPT Code 72141 (cervical MRI), Millennium billed $2,150.00 for the procedure. United Auto paid $965.55, allegedly owing Millennium an additional $754.45 for the procedure.[4] On June 4, 2012, Millennium, as Barretti, II's assignee, filed a first-party suit against United Auto for breach of contract. Millennium filed a motion for summary judgment on August 5, 2020, asserting that, as a result of the jury verdict in the Monegro case, United Auto was collaterally estopped from challenging the reasonableness of the charges for Barretti, II's MRI. The trial court agreed, granted summary judgment in favor of Millennium and, on October 27, 2020, in an Amended Final Judgment, awarded Millennium $754.45, plus interest, for a total award of $1,426.80.

C. The Arango Case (3D21-320)

United Auto's insured, Soraya Castaneda Arango, had an automobile accident on June 1, 2010. Arango received two MRIs from Millennium, on June 23, 2010, and August 2, 2010. Under CPT Code 72141 (cervical MRI), Millennium billed $4,320.00 for the procedures. United Auto paid $1,321.35, allegedly owing Millennium an additional $2,134.65 for the procedures. On October 10, 2018, Millennium, as Arango's assignee, filed an amended first-

---

[4] The alleged amount due and owing was based on a formula set forth in the 2009 version of the PIP statute. See § 627.736(5)(a)2.f., Fla. Stat. (2009).

party suit against United Auto for breach of contract. Asserting United Auto was collaterally estopped from challenging the reasonableness of its charges – again, based on the <u>Monegro</u> case – Millennium filed for summary judgment on August 17, 2020, as to only the August 2, 2010 MRI. The trial court agreed, granted final summary judgment in favor of Millennium on December 21, 2020, and awarded Millennium $738.32, plus interest, for a total award of $1,288.81.

D. <u>The Gonzalez Blanche Case (3D21-205)</u>

United Auto's insured, Raynold Gonzalez Blanche, had an automobile accident on September 14, 2010. On October 14, 2010, Millennium performed an MRI on Gonzalez Blanche for which it billed $2,150.00 under CPT Code 72148 (lumbar MRI). United Auto paid $981.28 for the procedure. On January 28, 2013, Millennium, as Gonzalez Blanche's assignee, filed a first-party suit against United Auto for breach of contract, alleging that it was owed an additional $738.72 from United Auto. On August 6, 2020, Millennium filed a motion for final summary judgment asserting that United Auto was collaterally estopped by the jury verdict in the <u>Nix</u> case from challenging the reasonableness of Millennium's charges. The trial court agreed, granted summary judgment in favor of Millennium, and subsequently entered a final judgment awarding Millennium $1,186.57.

5

E. The Orders on Appeal

Except for their descriptions of the facts and the amounts of damages, the orders on appeal in each of the three cases before us are similar. The trial courts in the Barretti, II and Arango cases identified thirteen cases in which Millennium's $2,150 fee was found reasonable, including the Monegro case that went to trial and verdict. The trial court in the Gonzalez Blanche case identified eight cases in which Millennium's $2,150 fee was found reasonable, including the Nix case that went to trial and verdict.

Based on the jury verdicts in the Monegro and Nix cases, respectively, the trial courts in our three cases found that United Auto was collaterally estopped from challenging the reasonableness of Millennium's $2,150 MRI charge. The trial courts made findings that each of the five elements of collateral estoppel[5] was satisfied. Pertinently, the trial courts found that Millennium, as assignee of each insured, was the identical party in both the previous and current litigations. Accordingly, the trial courts ruled that they were obligated to apply the doctrine of collateral estoppel to preclude United

---

[5] The five elements of collateral estoppel are: (i) the identical issue was presented in the previous litigation; (ii) a full and fair opportunity to litigate the issue in the previous litigation occurred; (iii) the issue in the previous litigation was critical to the determination; (iv) *the parties from the previous and current litigations are identical*; and (v) the issue was litigated to a determination in the previous litigation. Pearce v. Sandler, 219 So. 3d 961, 965 (Fla. 3d DCA 2017).

6

Auto from challenging the reasonableness of Millennium's charges. See Mobil Oil Corp. v. Shevin, 354 So. 2d 372, 374 (Fla. 1977). United Auto timely appealed the judgments.

Because the issue in all three cases is the same – whether the trial court properly applied the doctrine of collateral estopped to preclude United Auto from challenging the reasonableness of Millennium's charges for its MRI procedures performed on United Auto's insureds – we consolidated these three cases for oral argument, and now we consolidate them for all purposes.

**II. Analysis**[6]

United Auto's principal argument is that the trial courts erred in entering the summary judgments because the "identity of the parties" element of collateral estoppel is missing.[7] We agree and reverse the summary judgments.

---

[6] We review a lower court's grant of summary judgment and its ruling on collateral estoppel *de novo*. Lucky Nation, LLC v. Al-Maghazchi, 186 So. 3d 12, 14 (Fla. 4th DCA 2016).

[7] United Auto also makes the argument that offensive collateral estoppel is not recognized in Florida. While the issue of whether a plaintiff may assert collateral estoppel offensively may be a threshold issue, we need not, and therefore do not, decide this issue in these consolidated cases. Even if we were to assume offensive collateral estoppel is available to a Florida plaintiff, the doctrine is inapplicable in these cases because, as detailed herein, the necessary element of identity of the parties is lacking.

"Collateral estoppel . . . serves as a bar to relitigation of an issue which has already been determined by a valid judgment." Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995). For collateral estoppel to bar re-litigation, the identity of the parties in both the previous and the current litigations must be the same. Pearce, 219 So. 3d at 965. Notwithstanding that Millennium provided all the medical services at issue, in each of these first-party PIP cases – both in the previous Monegro and Nix litigations and in the three litigations on appeal – Millennium's standing is derived solely by virtue of assignments received from different insureds of United Auto.  Hence, as it relates to each of these PIP claims, Millennium stands in the shoes of a *different* United Auto insured, each one involved in a *different* accident.  The real party in interest is Millennium as an assignee, not Millennium in its individual capacity as the provider of the medical services for each insured. See Nationwide Terminals, Inc.  v. MC Constr. Grp., Inc., 964 So. 2d 705, 706 (Fla. 3d DCA 2007).

Millennium's "identity" is not the same in each of these cases against United Auto; Millennium draws its identity from its assignor from case to case. The identity element of collateral estoppel, therefore, is not satisfied. See E.C. v. Katz, 731 So. 2d 1268, 1269 (Fla. 1999) (holding that, in Florida,

8

identity and mutuality of parties – that both parties be identical and be mutually bound by the prior judgment – must be established for collateral estoppel to apply); see also Nationwide Terminals, Inc., 964 So. 2d at 706 (holding that a party suing in the capacity of an assignee is not a party suing in its individual capacity).

While we recognize the judicial efficiency of applying the collateral estoppel doctrine in these cases, judicial efficiency is not an element of the doctrine. Identity of the parties is: Millennium as assignee of Renzo Monegro or Ronnica Nix is a different party from Millennium as assignee of the three insureds in this consolidated appeal.

Summary judgments reversed; remanded for further proceedings consistent with this opinion.