# Third District Court of Appeal

## State of Florida

Opinion filed February 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-813
Lower Tribunal No. 12-2847 SP-23
_____

**United Automobile Insurance Company**,
Appellant,

vs.

**Best American Diagnostic Center, Inc., a/a/o Sandra Muhlig**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Ayana Harris, Judge.

Michael J. Neimand, for appellant.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); Marks & Fleischer, P.A., and Gary Marks (Fort Lauderdale), for appellee.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

Appellant and defendant below, United Automobile Insurance Company, challenges a final summary judgment entered in favor of appellee and plaintiff below, medical provider Best American Diagnostic Center, Inc., as assignee of Sandra Muhlig.

For purposes of this appeal, the relevant facts—save one—are undisputed. Ms. Muhlig, who was insured by United Auto, was involved in an accident. Muhlig received treatment from, and assigned her rights to, Best American Diagnostic, which later filed a complaint against United Auto for breach of contract and for PIP benefits arising from that accident.

An issue in dispute was the "reasonableness" of the amount charged for an MRI that Best American Diagnostic performed on Muhlig. See §§ 627.736(1)(a), (5)(a), Fla. Stat. (2010).

United Auto disputed the reasonableness of the amount charged by Best American Diagnostic. In response, Best American Diagnostic contended United Auto was precluded by principles of offensive collateral estoppel from contesting the reasonableness of the MRI procedure because, in prior unrelated PIP lawsuits between Best American Diagnostic and United Automobile, one or more juries had made an affirmative finding that the amount charged for the MRI procedure was reasonable. United Auto asserted that the application of collateral estoppel was improper because the

2

parties were not identical: in each of those prior PIP lawsuits, Best American Diagnostic received an assignment from a different insured of United Auto. The trial court agreed with Best American Diagnostic, and applied collateral estoppel offensively to preclude United Auto from challenging the reasonableness of the amount charged for the MRI procedure performed on Muhlig.

We recently decided this precise issue in three consolidated appeals (3D21-205, 3D21-272 and 3D21-320) involving United Automobile Insurance Company and Millennium Radiology, LLC. See United Auto. Insur. Co. v. Millennium Radiology, LLC, 47 Fla. L. Weekly D175, 2022 WL 107604 (Fla. 3d DCA Jan. 12, 2022), where we held:

> The real party in interest is Millennium as an assignee, not in its individual capacity as the provider of the medical services for each insured. See Nationwide Terminals, Inc. v. MC Constr. Grp., Inc., 964 So. 2d 705, 706 (Fla. 3d DCA 2007).

> Millennium's "identity" is not the same in each of these cases against United Auto; Millennium draws its identity from its assignor from case to case. The identity element of collateral estoppel, therefore, is not satisfied. See E.C. v. Katz, 731 So. 2d 1268, 1269 (Fla. 1999) (holding that, in Florida, identity and mutuality of parties – that both parties be identical and be mutually bound by the prior judgment – must be established for collateral estoppel to apply); see also Nationwide Terminals, Inc., 964 So. 2d at 706 (holding that a party suing in the capacity of an assignee is not a party suing in its individual capacity).

3

Id. at *3.[1]

While we recognize the trial court did not have the benefit of that opinion at the time it entered judgment in the instant case,[2] we nevertheless reverse the final summary judgment because the "real party in interest is [Best American Diagnostic] as an assignee, not in its individual capacity as the provider of the medical services for each insured." Id. Under such circumstances, there was no identity of the parties and thus, the application of collateral estoppel was erroneous.

Reversed and remanded.

---

[1] We also recently reversed final summary judgments on the same basis in United Auto. Insur. Co. v. Millennium Radiology, LLC, a/a/o Angel Bauza, 3D21-717; United Auto. Insur. Co. v. Millennium Radiology, LLC, a/a/o Yadira Boudier, 3D21-430; and United Auto. Insur. Co. v. Millennium Radiology, LLC, a/a/o Maria D. Rodriguez, 3D21-280.

[2] Generally, an appellate court must apply decisional law as it exists at the time of the appeal. See, e.g., Lowe v. Price, 437 So. 2d 142, 144 (Fla. 1983) (holding: "Decisional law and rules in effect at the time an appeal is decided govern the case even if there has been a change since time of trial."); Bank of New York Mellon Corp. v. Anton, 230 So. 3d 502, 503 n.1 (Fla. 3d DCA 2017).